**RANDELL v. RANDELL.**

No. 15049.

Court of Civil Appeals of Texas. Fort Worth.

June 3, 1949.

Rehearing Denied. July 8, 1949.

J. W. Chancellor and Joe H. Cleveland, Bowie, for appellant.

Donald & Donald and J. M. Donald, Bowie, for appellee.

## McDONALD, Chief Justice.

Appellant filed this suit for divorce against appellee in Montague County. Appellee filed a plea of privilege to remove the suit to Wise County, alleged to be the county of appellee's residence. On failure of appellant to file a controverting plea within the time set out in Rule 86, Texas Rules of Civil Procedure, the trial court sustained the plea of privilege and ordered the cause transferred to Wise County.

Article 4631, R.C.S., Vernon's Ann.Civ. St. art. 4631, provides that no suit for divorce shall be maintained unless "the petitioner for such divorce shall at the time of exhibiting his or her petition, be an actual bona fide inhabitant of this State for a period of twelve (12) months, and shall have resided in the county where the suit is filed for six (6) months next preceding the filing of same." Article 1995, R.C.S., the general venue statute, provides that, "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases: * * *. 16. Divorce.—Suits for divorce shall be brought in the county in which the plaintiff shall have resided for six months next preceding the bringing of the suit."

It is the general rule, of course, that the defendant who has filed a timely plea of privilege in statutory form is entitled to a transfer of the cause if his plea is not controverted in the time and manner required by law. We have examined the opinions in several cases where pleas of privilege were presented to and acted on by the court in divorce cases, but have not found a case involving the precise question that confronts us.

If the opening sentence of Article 1995 and the sixteenth numbered paragraph of said Article were the only statutory provisions governing venue of divorce suits, it might be that the usual rules of procedure with reference to a plea of privilege and a controverting affidavit would apply to divorce suits. But, due to the provisions of Article 4631, it is not a mere venue question that is presented here.

In Aucutt v. Aucutt, 122 Tex. 518, 62 S.W.2d 77, 89 A.L.R. 1198, and again in Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306, the Supreme Court has said that Article 4631 is more than a mere venue statute. To quote from the Aucutt case, the effect of Article 4631 [122 Tex. 518, 62 S.W.2d 79] "is to disqualify the applicant for a divorce of the right to maintain the suit unless he has resided in the state for twelve months at the time of exhibiting his petition, and in the county in which the suit is filed for six months next preceding the filing of the same." To quote again from the same case, "The plaintiff must possess the qualifications prescribed by article 4631 before he is entitled to prosecute a divorce suit in the courts of this state." There is a conflict in the underlying principle of Article 4631 and that of the general provision of Article 1995. Article 4631 is a legislative declaration that the plaintiff in every divorce suit must have the requisite residence qualifications. Article 1995 is founded on the principle that a defendant is entitled to be sued in the county of his residence, except in the cases covered by the enumerated exceptions. In a divorce case, the residence of the defendant is of no importance in determining where the suit is to be filed. Article 4631, providing for venue of divorce suits, does not involve a mere matter of personal privilege of the parties that may be waived by either of them. If the plaintiff does not possess the necessary residence qualifications his suit must be dismissed. It is true that a defendant may prosecute a cross-action for a divorce in a county where he does not reside (see Aucutt v. Aucutt, supra), but the rules governing such a situation are not involved in the case now on appeal. If Montague County was the county where plaintiff resided more than six months before the suit was filed, then it was the only county where plaintiff could prosecute an original suit for divorce. To sustain the plea of privilege would be a futile thing. It is not reasonable to suppose that the Legislature in enacting the general venue statute, Article 1995, or the Supreme Court in promulgat-

254

ing the rules of procedure pertaining thereto, was forgetful of the mandatory requirements of Article 4631. Article 1995 is a general statute governing venue of actions. Article 4631 is a particular statute pertaining to divorce suits. "In case of conflict between a general provision and a special provision dealing with the same subject, the former is controlled or limited by the latter; and this is so whether the provisions in question are contained in the same act or in different enactments." 39 Tex. Jur. 212.

■■■ In his plea of privilege defendant alleged that plaintiff resided in Wise County, and not in Montague County. While the plea might have been treated as a plea in abatement by the trial court, regardless of the name defendant had given it, the order sustaining it cannot be upheld on the ground that it was treated as a plea in abatement for at least two reasons. First, the burden was on the one presenting such a plea in abatement to offer proof in support of it, which defendant did not do. Second, the proper order sustaining a plea in abatement would have been one dismissing the case, not an order transferring it to another county.

Both parties rely on expressions found in the opinion in Fielder v. Parker, Tex.Civ. App., 119 S.W.2d 1089. There a receiver brought suit to enjoin a sale of land under execution, alleging that the property was in custodia legis. Each of the two defendants filed a plea of privilege. Plaintiff did not file a controverting affidavit, but excepted to the pleas of privilege. The court held, citing many cases, that the statutory plea of privilege was not subject to exceptions. The court went on to hold, however (see 119 S.W.2d at page 1093), that where a plea of privilege is filed in a court which under the law has exclusive jurisdiction of a suit, it is of no importance whether a controverting affidavit be filed or not, and that the court should of its own motion dismiss the plea of privilege.

■■■ We are convinced that the rules providing for the filing of a plea of privilege and a controverting affidavit, and for a hearing thereon, were not intended to be employed for the purpose of testing the residence qualifications of the plaintiff. In the ordinary case the defendant may waive his right to be sued in the county of his residence under Article 1995, or the plaintiff may waive his right to maintain the suit in some county other than that of defendant's residence under the exceptions set out in Article 1995. But the requirements of Article 4631 are not proper subjects of waiver by either of the parties, because such requirements do not involve mere private rights of the litigants. It is our opinion that the plea of privilege either should have been dismissed, or should have been treated as a plea in abatement.

The order sustaining the plea of privilege is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.