

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

**PRICE DANIEL**
ATTORNEY GENERAL

April 3, 1952

Brother Raphael Wilson
Secretary-Treasurer
Texas State Board of Examiners
  of the Basic Sciences
Austin, Texas         Opinion No. V-1431

Re: Necessity for all licensed
naturopathic physicians to
have a basic science certi-
ficate.

Dear Sir:

Reference is made to your request in which you ask:

"Question 1: Are Sections 12, 18a and 18b of H.B. 69, Acts of the Fifty-first Legislature, in conflict?

"Question 2: If, in your opinion, these sections are in conflict, which section is to be interpreted as valid by this Board in the enforcement of the Basic Science Law?

"Question 3: Is it necessary for all naturopathic physicians licensed in the State of Texas to hold a basic science certificate issued by this Board?

"Question 4: If your answer to question 3 is in the affirmative, are the licenses issued to naturopathic physicians without a basic science certificate valid?"

Sections 12, 18a and 18b of House Bill 69, Acts 51st Leg., R.S. 1949, ch. 480, p. 890 (Art. 4590d, V.C.S.) provide:

"Sec. 12. Any naturopathic physician who has been practicing naturopathy in this State for three (3) years next preceding the passage of this Act and when membership was not fraudulently obtained, shall be granted a license under the provisions of this Act,

provided however, that any naturopathic physician having resided in Texas three (3) years and having practiced naturopathy for one (1) year in Texas next preceding the passage of this Act will not be required to have a certificate of proficiency from the Minimum Standards Board as a prerequisite for obtaining such naturopathic license; naturopathic physicians in practice in this State for more than one (1) year, but less than three (3) years, shall be examined in theory, philosophy, pathology, practice, symptomatology, and diagnosis, peculiar to naturopathy; all naturopathic physicians who have been in practice in this State for less than one (1) year shall be required to take examinations as provided in Section 8 hereof."

"Sec. 18a.  Provided, however, no provision of this Act shall amend or modify the provisions of H.B. No. 103, Acts of the Fifty-first Legislature; provided further that the provisions of this Act shall be subject to the provisions of H.B. No. 103, Acts of the Fifty-first Legislature; and provided further that no Board shall be appointed, as provided in this Act, until the provisions of H.B. No. 103, Acts of the Fifty-first Legislature, have been complied with."

"Sec. 18b.  Before any person shall be licensed under this Act he shall comply with the provisions of H.B. No. 103 of the Fifty-first Legislature."

House Bill 103, Acts 51st Leg., R.S. 1949, ch. 95, p. 170 (Art. 4590c, V.C.S.) commonly referred to as the "Basic Science Law" is an act prescribing minimum educational standards and requiring certificates of proficiency in the basic sciences for those who engage in the practice of healing arts.  The "Minimum Standards Board" referred to in Section 12 must mean the "State Board of Examiners in the Basic Sciences" which was established by House Bill 103.  Thus Section 12 excepts certain persons from the operation of House Bill 103, while Sections 18a and 18b make all persons who come within House Bill 69 subject to House Bill 103.  Unquestionably, Section 12 is in conflict with Sections 18a

and 18b of the Act.

In 2 Sutherland Statutory Construction (3rd Ed. 1943) 541, we find the following:

"General and special acts may be in pari materia. If so, they should be construed together. Where one statute deals with a subject in general terms, and another deals with a part of the same subject in a more detailed way, the two should be harmonized if possible; but if there is any conflict, the latter will prevail, regardless of whether it was passed prior to the general statute, unless it appears that the legislature intended to make the general act controlling."

Also, in the case of Townsend v. Terrell, 118 Tex. 463, 16 S.W.2d 1063 (1929), the court said:

". . . It is only where acts are so inconsistent as to be irreconcilable that a repeal by implication will be indulged. If there exists such conflict, then there is a presumption of the intention to repeal all laws and parts of laws in conflict with the clear intention of the last act. This is necessarily true where both acts cannot stand as valid enactments.

"This rule of construction has found frequent and apt illustration where one of the supposedly conflicting statutes was general in its terms and the other specific. In such a case it is universally held that the specific statute more clearly evidences the intention of the Legislature than the general one, and therefore that it will control. In such a case both statutes are permitted to stand - the general one applicable to all cases except the particular one embraced in the specific statute. . ."

See also Sam Bassett Lbr. Co. v. City of Houston, 145 Tex. 492, 198 S.W.2d 879 (1947); Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d 451 (1948); State v. Mauritz-Wells Co., 141 Tex. 634, 175 S.W.2d 238 (1943).

In <u>Randell v. Randell</u>, 222 S.W.2d 252, 254
(Tex. Civ. App. 1949, error dism. w.o.j.) it is stated:

> "Article 1995 is a general statute
> governing venue of actions.  Article 4631
> is a particular statute pertaining to di-
> vorce suits.  In case of conflict between
> a general provision and a special provi-
> sion dealing with the same subject, the
> former is controlled or limited by the
> latter; and this is so whether the provi-
> sions in question are contained in the
> same act or in different enactments.  39
> Tex. Jur. 212."

The above rules of statutory construction
are applicable to conflicting provisions in the same
statute.  Apparently conflicting provisions must be
harmonized and reconciled so that every part of the
statute will be given effect, if it is reasonably pos-
sible to do so.  <u>Martin v. Sheppard</u>, 129 Tex. 110, 102
S.W.2d 1036 (1937); <u>Hill v. State</u>, 54 Tex. Crim. 646,
114 S.W. 117 (1908); <u>Hurt v. Oak Downs, Inc.</u>, 85 S.W.2d
294 (Tex. Civ. App. 1935, appeal dism. 128 Tex. 218, 97
S.W.2d 673); <u>Standard Oil Co. of Texas v. State</u>, 142
S.W.2d 519 (Tex. Civ. App. 1940, error ref.).  A specific
provision of a statute which appears to conflict with a
general provision is regarded as an exception to the
general one, and the general yields to the special.  <u>City
of Austin v. Cahill</u>, 99 Tex. 172, 88 S.W. 542, 546 (1905);
<u>State v. Stack</u>, 199 S.W.2d 701 (Tex. Civ. App. 1947).  In
<u>Lufkin v. City of Galveston</u>, 63 Tex. 437, 439 (1885), these
rules are expressed in the following language:

> "It is a cardinal rule in the construc-
> tion of constitutions and statutes that the
> whole instrument must be taken together--the
> whole scheme had in view by the law-making
> power must be understood and carried out; and
> where there are apparent conflicts or incon-
> sistencies between different parts of the
> instrument, that construction must be adopted
> which will give effect to every part, rather
> than that which will render any part nugatory
> and of no avail.

> "As a natural result of this principle,
> it follows that where in one section a general
> rule is prescribed, which without qualification

would embrace an entire class of subjects, and in another section a different rule is prescribed for individual subjects of the same class, the latter must be construed as exceptions to the general rule, and be governed by the section which is applicable to them alone."

Inasmuch as the relevant portion of Section 12 of House Bill 69 is specific in nature and more clearly evidences the intention of the Legislature than the general provisions found in Sections 18a and 18b, it is our opinion that the specific provision will prevail and those naturopaths who have resided in Texas three years and practiced naturopathy for one year in Texas next preceding the passage of this Act are not required to have a certificate of proficiency in the basic sciences.

It follows from the foregoing that it is necessary for all naturopathic physicians licensed in the State of Texas to hold a basic science certificate issued by the Texas State Board of Examiners in the basic sciences except those exempt under the provisions of Section 12 of Art. 4590d, V.C.S.

In view of our answer to question 3, it is unnecessary that we answer your fourth question.

## SUMMARY

Section 12 of Article 4590d, V.C.S., an act regulating the practice of naturopathy, conflicts with Sections 18a and 18b of the act, and since it is specific in nature it will prevail over the general provisions contained in Sections 18a and 18b of the act. Therefore, those persons exempt under Section 12 are not required to obtain basic science certificates as required by Article 4590c, V.C.S.

Under the provisions of Sections 18a and 18b of Article 4590d, V.C.S., all other naturopathic physicians licensed in the State of Texas are required to hold basic science certificates.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

E. Jacobson
Reviewing Assistant

By  *Bruce Allen*
Bruce Allen
Assistant

Charles D. Mathews
First Assistant

BA:mh