George W. McKINNEY, Appellant,

v.

Rosa McKINNEY, Appellee.

No. 6411.

Court of Civil Appeals of Texas.

Amarillo.

May 24, 1954.

Aldridge & Aldridge, Farwell, James W. Witherspoon, Hereford, for appellant.

Bruce L. Miller, Hereford, Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellee.

MARTIN, Justice.

Appellee, Rosa McKinney, as plaintiff in the trial court, sued appellant, George W. McKinney, as defendant, alleging that a common law marriage existed between the parties and asked for dissolution of the same on the grounds of cruel treatment. The petition is in the usual form alleging that plaintiff has been an actual bona fide inhabitant of the State of Texas for a period of more than twelve months prior to exhibiting her petition and has resided in Deaf Smith County, Texas, where the suit is filed for a period of more than six months next preceding the filing thereof. The appellant filed a plea of privilege alleging that his residence was in Parmer County, Texas, and that no exception to exclusive venue in the county of his residence, provided by law, existed in said cause. Appellant further specially pleaded that appellee had not been a resident of Deaf Smith County, Texas, for six months immediately preceding the filing of the cause and further denied that appellant and appellee were married to each other. At a hearing on the plea of privilege appellee presented her petition for divorce in evidence and the court overruled appellant's plea of privilege. Appellant perfected his appeal from such order of the trial court and presents eight points of error. These points involve the issues hereinafter adjudicated.

Article 4631, Vernon's Texas Civil Statutes, provides, in essence, that a plaintiff to maintain an action for divorce must have been an actual bona fide inhabitant of the State of Texas for a year and must have resided in the county in which the suit was filed for six months next preceding its filing. Although Article 5, Section 8, of the Constitution of Texas, Vernon's Ann.St., confers on the District Courts of Texas jurisdiction in divorce cases, Article 4631 is mandatory in prescribing the qualifications of residence that a plaintiff must have to prosecute an action for divorce. Aucutt v. Aucutt, 122 Tex. 518, 62 S.W.2d 77, 89 A.L.R. 1198; Evans v. American Pub. Co., 118 Tex. 433, 13 S.W.2d 358, at page 363; Lawler v. Lawler, Tex.Civ.App., 15 S.W.2d 684, Syl. 1.

As to the issue involved here, Randell v. Randell, Tex.Civ.App., 222 S.W.2d 252, 253, points out that there is a conflict in the underlying principle of Article 4631 and that of the general provision of Article 1995 governing the venue of suits and such opinion enunciates the following rules:

"It is not reasonable to suppose that the Legislature in enacting the general venue statute, Article 1995, or the Supreme Court in promulgating the rules of procedure pertaining thereto, was forgetful of the mandatory requirements of Article 4631. * * * Article 4631 is a particular statute pertaining to divorce suits. 'In case of conflict between a general provision and a special provision dealing with the same subject, the former is controlled or limited by the latter; and this is so whether the provisions in question are contained in the same act or in different enactments.' 39 Tex.Jur. 212."

However, the rule governing in case of conflict between a general provision and a special provision dealing with the same subject, as quoted above and as applied in Randell v. Randell, does not appear necessary to the resolving of the conflict between Article 4631 and Article 1995 as it is apparent that the Legislature in enacting Exception 16 to Article 1995 removed any conflict between the two statutes. Article 4631 prescribes as one of the qualifications for bringing a suit for divorce that the plaintiff must have resided for six months in the county of the suit and Article 1995, Exception 16, fixes venue in the county of suit under a like rule as to residence. It is apparent, as ruled in Randell v. Randell, supra, that the rules providing for the filing of a plea of privilege and a controverting affidavit and for a hearing thereon were not intended to be employed for the purpose of testing the residence qualifications of the plaintiff in a suit for divorce. Therwhanger v. Therwhanger, Tex.Civ.App., 175 S.W.2d 704.

The ruling hereinabove made and also enunciated in Randell v. Randell, supra, 222 S.W.2d at page 254, is dictated by the provisions of the two statutes in issue here. As pointed out in Randell v. Randell, it would be a futile thing to move the suit for divorce to the residence of the defendant where the plaintiff would not be entitled to maintain her cause of action under the requirements of Article 4631. It is further pointed out here that if plaintiff had established a residence in Deaf Smith County, Texas, which residence had existed for less than the prescribed six months period, it would likewise be futile under the plea of privilege to remove the cause of action to her former residence. Exception 16, under any interpretation of its provisions, requires no evidence of venue facts other than that the petition of the plaintiff be placed in evidence as proof that the suit was one for divorce followed by a second element of proof that plaintiff has resided for six months next preceding the bringing of the suit in the county where the suit is filed. But, to require the production of the second element of proof by the filing of a plea of privilege would be a futile and unnecessary act since under the provisions of Article 4631 it is mandatory that plaintiff prove the very element of six months residence in the county as a qualification for maintaining her suit.

The decisions on the matter here in issue also reveal a discussion as to whether the proper ruling on the plea of privilege should be a dismissal of the plea of privilege or whether the plea of privilege should have been treated as a plea in abatement. Since the issue of residence is required to be proven in a divorce case by statute it would be of little value to transpose appellant's plea of privilege in due form into a plea in abatement on the issue of residence. In this cause it is immaterial as to whether a dismissal of the plea of privilege is entered or the plea is overruled in that the effect in the cause would be the same.

Appellant's eight points of error are overruled and the judgment of the trial court overruling the plea of privilege is affirmed. Such ruling cannot effect the right of the appellant to file such pleadings in the cause, in due order, as he may see fit when the case is set for trial on its merits.