**Paul M. LUTES, Appellant,**

v.

**Lucy M. LUTES, Appellee.**

**No. 1384.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

June 16, 1976.

See also, Tex.Civ.App., 536 S.W.2d 418.

---

E. W. Newman, Houston, for appellant.

W. D. Masterson, Kilgore & Kilgore, Dallas, for appellee.

CIRE, Justice.

This is an appeal from an order granting a plea of privilege in a divorce case. Appellant Paul Lutes brought suit for divorce in the Harris County Court of Domestic Relations. Appellee Lucy Lutes filed her plea of privilege to be sued in Henderson County, the county of her residence. Appellant filed his verified controverting plea.

Appellant's original petition stated that he had been a domiciliary of Texas for the preceding six months and a resident of Harris County for the preceding 90 days. Appellee's plea of privilege alleged that she resides in Henderson County and there exists no exception to her right to be sued in the county of her residence. Appellant controverted the plea of privilege on the basis that by virtue of his having been a domiciliary of Texas for six months and a resident of Harris County for 90 days, venue was proper in Harris County. At the hearing on the plea of privilege appellant made an oral motion to dismiss the plea. On the basis of these pleadings the trial court granted appellee's plea of privilege.

Appellant contends in his first point of error that the trial court erred in overruling his motion to dismiss the plea of privilege because, by virtue of section 3.21 of the Texas Family Code, the general venue statute, Tex.Rev.Civ.Stat.Ann. art. 1995, does not apply in divorce actions. Section 3.21 of the Family Code reads:

No suit for divorce may be maintained unless at the time suit is filed the petitioner or the respondent has been a domiciliary of this state for the preceding six-month period and a resident of the

county in which the suit is filed for the preceding ninety-day period.

Article 1995, subdivision 16 reads:

Suits for divorce shall be brought in the county in which the plaintiff shall have resided for six months next preceding the bringing of the suit.

As authority for his contention that the general venue statute does not apply in divorce cases, appellant cites *McKinney v. McKinney*, 274 S.W.2d 908 (Tex.Civ.App.— Amarillo 1954, no writ) and *Randell v. Randell*, 222 S.W.2d 252 (Tex.Civ.App.—Fort Worth 1949, writ dism'd). Those cases construed Article 1995 together with former Article 4631 (Tex.Laws 1957, Ch. 155, § 1, at 341), the predecessor of section 3.21 of the Family Code. Article 4631 provided that no suit for divorce could be maintained unless the petitioner had been a bona fide inhabitant of Texas for twelve months and a resident of the county in which the suit was filed for the preceding six months. In the *Randell* and *McKinney* cases the courts held that Article 4631 was more than a mere venue statute: it prescribed the mandatory "qualifications of residence that a plaintiff must have to prosecute an action for divorce." *McKinney*, 274 S.W.2d at 909; *Randell*, 222 S.W.2d at 253. For this reason the courts held in the *McKinney* and *Randell* cases that a plea of privilege was not the proper vehicle through which to challenge a plaintiff's residency qualifications. Such a challenge should be brought through a plea in abatement, and the proper remedy, if the plaintiff were found not to have satisfied the residence qualifications, would be dismissal rather than transfer of the proceedings to another county.

Although section 3.21 of the Family Code is not identical to article 4631, its purpose is the same. Section 3.21 establishes the residence qualifications without which no suit for divorce may be prosecuted. The pronouncements in the *McKinney* and *Randell* cases that a challenge to the petitioner's residence qualifications must be brought by a plea in abatement are still applicable under the new provision of the Family Code.

Further, in *Randell* and *McKinney* the courts of civil appeals held that to sustain a plea of privilege and transfer a divorce case to the county of the defendant's residence would be a futile thing. This holding was based on the terms of Article 4631, under which "[i]n a divorce case, the residence of the defendant is of no importance in determining where the suit is to be filed." *Randell*, 222 S.W.2d at 253. The residence requirements of section 3.21 are satisfied if either the petitioner or respondent has been a domiciliary of Texas for the preceding six months and a resident of the county in which the suit is filed for the preceding 90 days. Thus the petitioner may now bring suit in either the county of his residence or in that of the respondent's. But the choice of in which of those counties the suit is to be filed is still given to the petitioner. By a proper plea in abatement the respondent may challenge the petitioner's satisfaction of the 90-day residence requirement, or may challenge the petitioner's allegation that the respondent has resided for 90 days in the county of suit. The right of a petitioner in a divorce case to bring suit in the county in which he or the respondent has resided for the preceding 90 days is specifically granted by section 3.21 of the Family Code. As a specific statute, section 3.21 controls over Article 1995, the general venue statute. *See also* Tex.Rev. Civ.Stat.Ann. art. 1995, sec. 30. Appellant is therefore correct in his assertion that a plea of privilege was inappropriate in this proceeding and should have been dismissed.

Appellee asserts by counterpoint that we should consider her plea of privilege as a plea in abatement and render judgment here dismissing appellant's suit. Appellee's plea of privilege contained the allegation that she had filed suit for divorce in Henderson County prior to the date appellant filed his suit in Harris County. It is true that Texas follows the rule that the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts. *Cleveland v. Ward*, 116 Tex. 1, 285 S.W. 1063 (1926). The second court must dismiss the suit filed there if the pendency of a prior identical

suit is called to its attention by a proper plea in abatement. *Curtis v. Gibbs,* 511 S.W.2d 263, 267 (Tex.Sup.1974); *Cleveland v. Ward,* 285 S.W. at 1069, 1072. Appellee therefore urges this court to consider her plea of privilege as a plea in abatement calling the court's attention to a prior suit pending in Henderson County and to render judgment dismissing the Harris County suit.

 We are unable to do this. The rule stated in *Cleveland v. Ward* is not without exceptions. The conduct of the plaintiff in the first suit may be such as will estop him from relying on that suit to procure abatement of the second suit. *Curtis v. Gibbs,* 511 S.W.2d at 267; *Reed v. Reed,* 158 Tex. 298, 311 S.W.2d 628 (1958). After a hearing on appellee's plea, the trial court might have found that a prior suit had been "commenced" (as that term is used in the *Reed* case) in the district court of Henderson County, and thereby dismissed the Harris County suit.

There was no hearing, however. The record reflects that when the parties and their counsel appeared for the hearing on appellee's plea of privilege, the court conducted an informal conversation with the attorneys for both parties and with appellee concerning various matters of law and fact. At the end of this conference, without hearing any testimony or receiving any other evidence, the court sustained appellee's plea of privilege. After the plea was sustained, appellant was allowed to present his bill of exceptions. Appellee's pleadings do not show as a matter of law that she is entitled to dismissal of the Harris County suit. We are therefore unable to render such a judgment here.

The judgment of the trial court sustaining appellee's plea of privilege is reversed, and judgment is here rendered dismissing the plea of privilege.

Reversed and rendered.