Hardie Ray HARRISON, Appellant,

v.

Lillie Bernice HARRISON, Appellee.

No. 1404.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Oct. 27, 1976.

Rayburn M. Hamilton, Houston, for appellant.

W. C. Shead, Houston, for appellee.

## J. CURTISS BROWN, Chief Justice.

Lillie Bernice Harrison (wife or appellee) filed for divorce in the Court of Domestic Relations of Harris County against her husband, Hardie Ray Harrison (husband or appellant). The husband filed a plea of privilege to be sued in the county of his residence, Liberty County. The wife duly filed her controverting affidavit, alleging that she was a resident of Harris County. After a hearing expressly stated to be a plea of privilege hearing, the trial court denied the husband's plea of privilege and retained venue in Harris County. The husband has perfected this appeal.

The parties were married on April 7, 1973. They established their residence at a house owned by the husband and located in Harris County. In November of 1973 they began spending the majority of their time at a house located in Liberty County. Most of their mail was received there and apparently most of their business was conducted from there. Both parties spent most of their time in Liberty County, returning to the house in Harris County occasionally, until they separated on December 29, 1975. The wife filed her suit for divorce on January 6, 1976. Since the separation the wife has lived exclusively in the Harris County house.

Tex.Rev.Civ.Stat.Ann. art. 1995, subd. 16 (Supp.1976) states that "[s]uits for divorce shall be brought in the county in which the plaintiff shall have resided for *six months*[1] next preceding the bringing of the suit. . . . " Tex.Family Code Ann. § 3.21 (1975) states that "[n]o suit for divorce may be maintained unless at the time suit is filed the petitioner or the respondent has been a domiciliary of this state for the preceding six-month period and a resident of the county in which the suit is filed for the preceding *ninety-day* period." It has been said that the failure of the legislature to conform Article 1995, subdivision 16 to the provisions of section 3.21 of the Family Code was apparently an oversight. 1 L.

Simpkins, Texas Family Law 422 (Speer's 5th ed. 1975).

In *Lutes v. Lutes,* 538 S.W.2d 256, 258 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ) this court had occasion to consider the cases of *McKinney v. McKinney,* 274 S.W.2d 908 (Tex.Civ.App.—Amarillo 1954, no writ) and *Randell v. Randell,* 222 S.W.2d 252 (Tex.Civ.App.—Fort Worth 1949, writ dism'd). Those cases construe Article 1995 together with former Article 4631 (Tex.Laws 1957, Ch. 155, § 1, at 341), the predecessor of section 3.21 of the Family Code. We reached the conclusion that a plea of privilege was not a proper vehicle through which to challenge a plaintiff's residency qualifications. A plea in abatement is the appropriate remedy. Furthermore, in *Lutes,* 538 S.W.2d at 258, we held that the petitioner in a divorce suit may bring a suit in either the county of his or her residence or in that of the respondent. The choice of which of those counties the suit is to be filed in is given to the petitioner.

No findings of fact or conclusions of law being requested or filed in this case, the judgment of the trial court implies all necessary fact findings in support of the judgment. *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W.2d 609, 613 (1950). Therefore, if appellant's plea of privilege is construed as a plea in abatement he cannot prevail on this appeal. Appellee moved all of her furniture into the Harris County home at the time of the marriage of the parties. After they began spending the majority of their time at the residence in Liberty County, the home in Harris County was still maintained. It was not rented out. Appellee's furniture and some of her clothes remained there. She received some of her mail there. Her driver's license and some identification cards bore the Harris County address. She testified that at various times between November of 1973 and December 29, 1975 they spent "a couple of nights a week" there, at other times spending only a night or two each month. She

---

[1]. Emphasis added unless otherwise indicated.

stated that since she married the appellant she had always considered Harris County as her permanent address. We hold that the above is some evidence that appellee maintained a residence in Harris County within the requirements of the *Lutes* case.

Appellee has filed in this court a motion to dismiss the appeal for want of jurisdiction, alleging that appellant failed to give notification to appellee's counsel of the filing of appellant's appeal bond. Effective January 1, 1976, Rule 354(b) of the Texas Rules of Civil Procedure provides that "[n]otification of the filing of the bond or certificate of deposit shall promptly be given by counsel for appellant by mailing a copy thereof to counsel of record of each party other than the appellant . . . ." We do not believe the supreme court intended this requirement to be jurisdictional. *See Graves v. George Dullnig & Co.*, 538 S.W.2d 149 (Tex.Civ.App.—San Antonio 1976, no writ) (per curiam). It is our opinion that under some circumstances lack of such notification may, in a proper case, authorize a court of civil appeals to dismiss the appeal. An example of such a case might be presented where the non-appealing party has changed his position to his detriment in reliance on his adversary's compliance with Rule 354(b). However, since no such circumstances have been alleged in the present case, appellee's motion to dismiss is denied.

The judgment of the trial court is affirmed.

Affirmed.