NO. 07-05-0008-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 21, 2005

_____

IN THE MATTER OF THE MARRIAGE OF

ELLIE LOU BOST-STEELMAN AND THOMAS C. STEELMAN, JR.

_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 51,844-B; HONORABLE JOHN B. BOARD, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Proceeding *pro se*, appellant Thomas C. Steelman, Jr. challenges the trial court's order, following a non-jury evidentiary hearing, dismissing his divorce proceeding on the ground that residency requirements had not been met. Presenting three issues, Thomas contends the trial court should (1) not have allowed the case to be dismissed upon the motion of appellee Ellie Lout Bost-Steelman, (2) have issued a divorce on December 28,

2004, and (3) not have rendered a judgment of dismissal.  Also proceeding *pro se*, Ellie urges this Court to affirm the dismissal order.[1]  We affirm.

Initially, we note that p*ro se* litigants are held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure.  Holt v. F.F. Enterprises, 990 S.W.2d 756, 759 (Tex.App.–Amarillo 1998, no pet.).  By his first issue, Thomas contends the trial court should not have allowed the case to be dismissed for Ellie upon her motion to dismiss her petition.  Then by his second issue, he contends the trial court should have issued a divorce to the parties on December 28, 2004.  Rule 38.1(h) of the Texas Rules of Appellate Procedure requires that points of error or issues be developed by appropriate argument and citation to authorities.  It is not our function to independently review the record and research the applicable law.  Because issues one and two are not developed by argument and supported by authorities, the issues are waived.  Wilkinson v. Dallas/Forth Worth Intern. 54 S.W.3d 1, 18 (Tex.App.--Dallas 2001, pet. denied).  *See also* Couch v. Simmons, 108 S.W.3d 338, 343 (Tex.App.--Amarillo 2003, no pet.).  Accordingly, issues one and two are overruled.

By his third issue, as restated in his argument, Thomas contends the evidence does not support the trial court's decision to dismiss the case.  We disagree.

---

[1]Both parties appeared *pro se* in the trial court.

After the trial court dismissed Ellie's petition for divorce on September 7, 2004, at a non-jury trial on December 28, 2004, it heard Thomas's counter-petition for divorce. At that hearing Thomas and Ellie testified, and other evidence was received. At the conclusion of the trial, the trial court announced that it would dismiss the case and on January 13, 2005, signed his order dismissing the case "for lack of residency requirements of the parties."

Residency requirements for maintaining a divorce action include being a domiciliary of Texas for the preceding six-month period and a resident of the county in which suit is filed for the preceding 90-day period. *See* Tex. Fam. Code Ann. § 6.301 (Vernon 1998). Although not jurisdictional, those requirements are mandatory to maintain a divorce action. McKinney v. McKinney, 274 S.W.2d 908, 909 (Tex.Civ.App.–Amarillo 1954, no writ). *See also* Cook v. Mayfield, 886 S.W.2d 840, 842-43 (Tex.App.–Waco 1994, no writ), citing Beavers v. Beavers, 543 S.W.2d 720, 721 (Tex.Civ.App.–Waco 1976, no writ) (noting that residency to maintain a divorce action requires an actual, physical, continuous living in the county of suit by one of the parties for the period specified, coupled with a good faith intent to make that county home).

Where, as here, neither party requests findings of fact and conclusions of law, all questions of fact are presumed found in support of the judgment and the judgment should be affirmed if it can be upheld on any basis. Point Lookout West, Inc. v. Whorton, 742 S.W.2d 277, 278 (Tex. 1987). Also, because the trial court admitted conflicting testimony

from interested witnesses, it was within the sole province of the trial judge as trier of fact to observe the demeanor of the witnesses, to judge their credibility, and to determine the weight to be given to their testimony. In Interest of J.J.R., 669 S.W.2d 840, 843 (Tex.App. --Amarillo 1984, writ dism'd w.o.j.). The trial court was authorized to either believe or disbelieve the parties and to determine how much weight to give their testimony. *Id*. A court of appeals may not pass upon the credibility of witnesses nor substitute its findings for those made by the trial judge, even though after reviewing the evidence, it may have reached a different conclusion from that of the trial judge sitting without a jury. *Id*. Therefore, because neither Thomas nor Ellie requested findings of fact and conclusions of law, we are required to presume that all questions of fact were found in support of the judgment and affirm the judgment if it can be upheld on any basis.

Testimony at the hearing established that when Ellie filed for divorce she was a resident of Randall County; Thomas was a resident of Grayson County. Ellie testified that after her Randall County suit was voluntarily dismissed she moved to Fannin County, where she had property and established residency. She returned to Randall County several times for brief periods of time only to tend to property there. The trial court made great effort to establish a timeline of Ellie's movements between Randall and Fannin Counties for residency purposes; however, her residency remained unclear following her testimony. Thomas also testified that Ellie had filed a new action for divorce in Fannin County on August 26, 2004.

Based on our review of the entire record and the testimony presented, and applying the standard of review set out above, we conclude the trial court did not err in dismissing the case. Issue three is overruled.

Accordingly, the judgment of the trial court is affirmed.


Don H. Reavis
Justice