NO. 07-05-0008-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JULY 21, 2005



______________________________




IN THE MATTER OF THE MARRIAGE OF



ELLIE LOU BOST-STEELMAN AND THOMAS C. STEELMAN, JR.



_________________________________



FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;



NO. 51,844-B; HONORABLE JOHN B. BOARD, JUDGE


 

_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Proceeding pro se, appellant Thomas C. Steelman, Jr. challenges the trial court's
order, following a non-jury evidentiary hearing, dismissing his divorce proceeding on the
ground that residency requirements had not been met. Presenting three issues, Thomas
contends the trial court should (1) not have allowed the case to be dismissed upon the
motion of appellee Ellie Lout Bost-Steelman, (2) have issued a divorce on December 28,
2004, and (3) not have rendered a judgment of dismissal. Also proceeding pro se, Ellie
urges this Court to affirm the dismissal order. (1) We affirm. 

 Initially, we note that pro se litigants are held to the same standards as licensed
attorneys and must comply with applicable laws and rules of procedure. Holt v. F.F.
Enterprises, 990 S.W.2d 756, 759 (Tex.App.-Amarillo 1998, no pet.). By his first issue,
Thomas contends the trial court should not have allowed the case to be dismissed for Ellie
upon her motion to dismiss her petition. Then by his second issue, he contends the trial
court should have issued a divorce to the parties on December 28, 2004. Rule 38.1(h) of
the Texas Rules of Appellate Procedure requires that points of error or issues be developed
by appropriate argument and citation to authorities. It is not our function to independently
review the record and research the applicable law. Because issues one and two are not
developed by argument and supported by authorities, the issues are waived. Wilkinson v.
Dallas/Forth Worth Intern. 54 S.W.3d 1, 18 (Tex.App.--Dallas 2001, pet. denied). See also
Couch v. Simmons, 108 S.W.3d 338, 343 (Tex.App.--Amarillo 2003, no pet.). Accordingly,
issues one and two are overruled. 

 By his third issue, as restated in his argument, Thomas contends the evidence does
not support the trial court's decision to dismiss the case. We disagree.

 After the trial court dismissed Ellie's petition for divorce on September 7, 2004, at
a non-jury trial on December 28, 2004, it heard Thomas's counter-petition for divorce. At
that hearing Thomas and Ellie testified, and other evidence was received. At the
conclusion of the trial, the trial court announced that it would dismiss the case and on
January 13, 2005, signed his order dismissing the case "for lack of residency requirements
of the parties." 

 Residency requirements for maintaining a divorce action include being a domiciliary
of Texas for the preceding six-month period and a resident of the county in which suit is
filed for the preceding 90-day period. See Tex. Fam. Code Ann. § 6.301 (Vernon 1998). 
Although not jurisdictional, those requirements are mandatory to maintain a divorce action. 
McKinney v. McKinney, 274 S.W.2d 908, 909 (Tex.Civ.App.-Amarillo 1954, no writ). See
also Cook v. Mayfield, 886 S.W.2d 840, 842-43 (Tex.App.-Waco 1994, no writ), citing
Beavers v. Beavers, 543 S.W.2d 720, 721 (Tex.Civ.App.-Waco 1976, no writ) (noting that
residency to maintain a divorce action requires an actual, physical, continuous living in the
county of suit by one of the parties for the period specified, coupled with a good faith intent
to make that county home).

 Where, as here, neither party requests findings of fact and conclusions of law, all
questions of fact are presumed found in support of the judgment and the judgment should
be affirmed if it can be upheld on any basis. Point Lookout West, Inc. v. Whorton, 742
S.W.2d 277, 278 (Tex. 1987). Also, because the trial court admitted conflicting testimony
from interested witnesses, it was within the sole province of the trial judge as trier of fact
to observe the demeanor of the witnesses, to judge their credibility, and to determine the
weight to be given to their testimony. In Interest of J.J.R., 669 S.W.2d 840, 843 (Tex.App.
--Amarillo 1984, writ dism'd w.o.j.). The trial court was authorized to either believe or
disbelieve the parties and to determine how much weight to give their testimony. Id. A
court of appeals may not pass upon the credibility of witnesses nor substitute its findings
for those made by the trial judge, even though after reviewing the evidence, it may have
reached a different conclusion from that of the trial judge sitting without a jury. Id. 
Therefore, because neither Thomas nor Ellie requested findings of fact and conclusions of
law, we are required to presume that all questions of fact were found in support of the
judgment and affirm the judgment if it can be upheld on any basis. 

 Testimony at the hearing established that when Ellie filed for divorce she was a
resident of Randall County; Thomas was a resident of Grayson County. Ellie testified that
after her Randall County suit was voluntarily dismissed she moved to Fannin County,
where she had property and established residency. She returned to Randall County
several times for brief periods of time only to tend to property there. The trial court made
great effort to establish a timeline of Ellie's movements between Randall and Fannin
Counties for residency purposes; however, her residency remained unclear following her
testimony. Thomas also testified that Ellie had filed a new action for divorce in Fannin
County on August 26, 2004.

 Based on our review of the entire record and the testimony presented, and applying
the standard of review set out above, we conclude the trial court did not err in dismissing
the case. Issue three is overruled. 

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice


 

 

 

 

 

 

 

 

 

1. Both parties appeared pro se in the trial court.


nhideWhenUsed="false" Name="Medium Shading 2 Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00116-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



JANUARY
19, 2011

 



 

JASON GOMEZ, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 242ND DISTRICT COURT OF HALE
COUNTY;

 

NO. B17957-0902; HONORABLE EDWARD LEE SELF, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

OPINION

 

Appellant, Jason Gomez, was convicted
of harassment of a public servant,[1]
enhanced by allegations of two prior felony convictions.[2]  The jury found appellant guilty and the
enhancement allegations true.  The jury
assessed appellants punishment at confinement in the Institutional Division of
the Texas Department of Criminal Justice for a term of 60 years.  Appellant appeals contending that the
evidence was insufficient and that the sentence was grossly
disproportionate.  We reverse based on
the conclusion that the evidence was insufficient.

Factual and Procedural Background

            On
December 10, 2008, Plainview police officer Timothy De Leon responded to a
reported domestic dispute at a residence in Plainview.  Upon arriving on the scene, De Leon observed
appellant standing in the front yard of the residence arguing with another man.  The other man turned out to be appellants
father.  Additionally, De Leon noticed a
glass door appeared to be broken and appellants arm appeared to be cut.  De Leon called for an ambulance and
approached appellant.  While De Leon called
for an ambulance, appellants father went back inside the residence.  De Leon attempted to interview appellant
about what had occurred.  However,
appellant refused to talk to De Leon and attempted to go back in the
house.  

            De
Leon told appellant to stay where he was and again attempted to question him
about what had happened at the residence. 
Again, appellant ignored the request to stay outside and attempted to go
back into the house.  De Leon positioned
himself between the house and appellant and again advised appellant to stay
outside.  Appellant then attempted to
push De Leon aside and go into the house. 
Once again, De Leon positioned himself between the house and appellant,
and De Leon indicated that he was going to arrest appellant for assault.  Appellant tried to push by De Leon once
more.  By this time, a second Plainview
police officer had arrived on the scene, and this officer fired his taser at appellant, causing appellant to collapse to the
ground. As De Leon was taking appellant into custody, De Leon realized that he
had blood on his face and uniform.  Based
on appellants encounter with De Leon appellant was indicted for harassment of
a public servant.  

            At
trial, De Leon testified about his encounter with appellant.  Additionally, the State introduced a series
of photographs that depicted the injuries to appellant on the night in
question.  These pictures demonstrated
that appellant was bleeding significantly at the time of his encounter with De
Leon.  Based upon this evidence, the jury
found appellant guilty.  

            Appellant
appeals contending that the evidence is legally and factually insufficient to
demonstrate that appellant caused De Leon to come into contact with his blood
with the intent to assault. 
Additionally, appellant contends that the punishment assessed is grossly
disproportionate.  We agree with appellant
that the evidence is insufficient and reverse and render a judgment of
acquittal.

Evidentiary Sufficiency

            As
an initial consideration, we observe that appellant's appeal contends that the
evidence is both legally and factually insufficient.  Appellant's brief was prepared and filed
before the Texas Court of Criminal Appeals issued its opinion in Brooks v.
State, No. PD-0210-09, 323 S.W.3d 893, 2010 Tex.Crim.App. LEXIS 1240, at
*25-*26 (Tex.Crim.App. Oct. 6, 2010), wherein
the court ruled that there is no distinction between a claim
of legal as opposed to factual insufficiency of the evidence.  Further, the court expressly overruled Clewis v. State, 922 S.W.2d 126 (Tex.Crim.App. 1996), and its purported application to
factual sufficiency questions.  Id. at *57. 
The court appears to urge the reviewing court to apply a more rigorous
application of the sufficiency test set forth in Jackson v. Virginia,
443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560
(1979).  See id. at *58.  Therefore, we
will review appellant's claims of evidentiary sufficiency under the standard of
review set forth in Jackson.  See
443 U.S. at 319.

Standard of Review

            In
assessing the sufficiency of the evidence, we review all the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  Jackson, 443 U.S. at 319; Ross v. State, 133 S.W.3d
618, 620 (Tex.Crim.App. 2004).  We measure the legal sufficiency of the
evidence against a hypothetically correct jury charge.  See Malik
v. State, 953 S.W.2d 234, 240 (Tex.Crim.App.
1997).  Finally, when reviewing all of
the evidence under the Jackson standard of review, the ultimate question
is whether the jurys finding of guilt was a rational finding.  See Brooks,
2010 Tex.Crim.App. LEXIS 1240, at *37
(discussing Judge Cochrans dissent in Watson v. State, 204 S.W.3d 404,
448-50 (Tex.Crim.App. 2006), as outlining the proper
application of a single evidentiary standard of review).[3]

Analysis

            In order to
prove appellant guilty of the offense of harassment of a public servant, the
State had to prove:

1.    Appellant

2.    on or about December 10, 2008,

3.    with intent to assault, harass, or
alarm 

4.    cause Timothy De Leon

5.    a person appellant knew to be a
public servant, a peace officer

6.    to contact the blood of appellant

7.    and De Leon was then and there lawfully
discharging an official duty, to-wit: attempting to detain appellant.

Appellant contends that the evidence
is insufficient as to the mens rea element of the offense.  Specifically, appellant contends that the
statute requires that the State prove that appellant caused De Leon to contact
the blood with intent to assault, harass or annoy.

            The
Texas Penal Code provides that there are four culpable mental states in our
penal laws.  See Tex. Penal Code Ann. § 6.02(d) (West Supp. 2010).[4]  Those are intentional, knowing, reckless, and
criminally negligent.  See id.  In assessing how the mens rea required by a statute is tailored to
determine the type of offense involved, an assessment must be made as to the
nature of the offense.  The categories
are nature-of-the-conduct offense, a circumstance-surrounding the conduct
offense, or a result-of-conduct offense. 
See Hill v. State, 265 S.W.3d 539, 541 (Houston [1st
Dist.] 2008, pet. refd).  

            While
discussing result-of-conduct cases, Hill points out that a majority of
assault cases and homicide offenses are result-of-conduct cases and as such do
not specify the nature of conduct barred. 
Id. at 542.  Further, the nature of the conduct is
inconsequential to the commission of the crime,
rather, what matters is that the conduct is done with the required culpability
to effect the result that the Legislature had specified. Id.  

Section 22.11 uses the phrase with
intent to assault, harass or alarm when describing the actions of a
perpetrator of this type of assault.  §
22.11(a).  In contrast, other sections in
the Texas Penal Code chapter dealing with assaultive offenses use phrases such
as intentionally, knowingly, or recklessly, or intentionally or knowingly.  See § 22.01(a)(1)-(3).  

            Section
6.03(a) states that:

A person acts intentionally, or with intent, with
respect to the nature of his conduct or to a result of his conduct when it is
his conscious objective or desire to engage in the conduct or cause the result.

Id. § 6.03 (West 2003).

Thus, when the analysis
of the Hill opinion is applied to the allegations and facts of this case,
it is apparent that the assault charged is a result-oriented offense.  This is so because the accused must, with
intent to assault, harass, or alarm the complainant, cause bodily fluids to
actually contact the complainant.  See Herrera v.State, 915
S.W.2d 94, 97 (Tex.App.San Antonio 1996, no pet.)
(citing McQueen v. State, 781 S.W.2d 600, 603 (Tex.Crim.App. 1989)). 
In construing this statute, the Corpus Christi Court of Appeals so found
and stated, In other words, the State was required to prove that [appellant]
(1) intended to cause urine to contact Martinez, and (2) intended to harass,
alarm or annoy Martinez.  Wyatt v. State, No. 13-07-467-CR, 2008 Tex.App.
LEXIS 8080, at *8 (Tex.App.Corpus
Christi, Oct. 23, 2008, no pet.) (mem.
op. on rehg., not designated for publication).  Wyatt involved a situation in which
the inmate threw urine from a cup onto a corrections guard.  Id. at *3.  While we agree with the result reached in the
Wyatt case, we do not subscribe to our sister courts analysis of the
intent requirement.  

            The evidence in this record shows that when De Leon
arrived on a domestic disturbance call, appellant had already been
injured.  De Leon testified that one of
the primary issues in dealing with this type of disturbance call was to keep
the parties separated.  Therefore, when
De Leon saw that appellants father had gone inside, he made the decision to
keep appellant outside.  Because
appellant wanted to return inside the house, there was a confrontation between
appellant and De Leon.  The assault
occurred when appellant attempted on two or more occasions to go past De Leon
into the house.  De Leons testimony
reflected that appellant attempted to push and shove De Leon out of the way so
that he could go inside.  Appellant was
bleeding extensively before he ever pushed or shoved De Leon.  No one testified that appellant made any
attempt to collect the blood and then throw it on De Leon.  Nor did anyone testify that appellant
verbally threatened to throw or wipe blood on De Leon.  At most, the testimony revealed that the
blood got on De Leon when appellant attempted to go past De Leon to get in the
house.  That appellants pushing and
shoving of De Leon amounted to an assault is not the question.  There was a completed assault the first time
appellant shoved and pushed De Leon. 
There is simply no evidence that appellant intended to assault, harass
or alarm De Leon by causing the blood to contact De Leon.  Therefore, the evidence is insufficient to
sustain the judgment of the trial court. 
See Herrera, 915 S.W.2d at 97.  Application of the principles set forth in Jackson,
443 U.S. at 319, and Ross v. State, 133 S.W.3d at 620, lead to the
inescapable conclusion that no rational jury could have found the essential
elements of the offense beyond a reasonable doubt.  Appellants first issue is sustained.

            The
State vigorously argues that the evidence is sufficient.  To support this position, the State cites
this court to Campbell v. State, No. 14-04-0227-CR, No. 14-04-0228-CR,
2005 Tex.App. LEXIS 7701 (Tex.App.Houston [14th Dist.] Sept. 20, 2005, pet. refd) (mem. op., not designated for publication), and Jones v.
State, No. 01-02-0057-CR, 2002 Tex.App. LEXIS
4611 (Tex.App.Houston [1st Dist.] June
27, 2002, pet. refd) (not designated for publication),
for the proposition that the jury can infer intent from an appellants acts,
words, or conduct surrounding the incident. 
However, each of the cases cited for such inference are cases where the mens rea included
additional elements, such as knowingly in the Campbell case and
knowingly or recklessly in the Jones case.  Therefore, the jury was able to consider the
conduct surrounding the event and there was testimony that supported its
consideration.  In Campbell, the
testimony revealed that appellant knew one officer was holding on to the door
handle of appellants car and another was partially in appellants car as
appellant attempted to flee into the face of oncoming traffic.  Campbell, 2005 Tex.App.
LEXIS 7701, at * 7, * 8.  In Jones, appellant contested the
sufficiency of the evidence to show that he intentionally, knowingly, or
recklessly caused bodily injury to the victim. 
Jones, 2002 Tex.App. LEXIS
4611, at *3.  The evidence showed
that the victim was standing directly in front of appellant when appellant
shoved a shopping cart directly at the victim, resulting in a knot on the
victims leg with broken skin and bleeding. 
Id.  Appellant in Jones
claimed that he pushed the cart to get away but never intended to hurt the
victim.  Id. at
*4.  Because the required mens rea was
reckless, there was sufficient proof that appellant was aware his conduct would
cause the victim physical pain, hence bodily injury.  Id. at *7.  As can be seen by the above recitations, the Campbell
and Jones cases are distinguishable from the facts presented to this
Court.  Both cases examine different mens rea from the
instant case, with lower thresholds
of culpability and more significant testimony for the jury to infer that the
required mens rea was
present.  

            Because
of our holding regarding the sufficiency of the evidence, we need not reach
appellants second issue.  

Conclusion

            The
judgment of the trial court is reversed, and a judgment of acquittal is
rendered.

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

Publish.











[1]
See
Tex. Penal Code Ann. § 22.11(a)(2) (West Supp. 2010).

 





[2]
See
Id. § 12.42(d) (West Supp. 2010).





[3]
We note that this Court has at times quoted Moreno
v. State, 755 S.W.2d 866, 867 (Tex.Crim.App.
1988), for the proposition that we had to uphold the verdict of the jury unless
it was irrational or unsupported by more than a mere modicum of evidence.  We view such a statement, insofar as a
modicum of evidence being sufficient evidence, as contrary to a rigorous
application of the Jackson standard of review urged by the Court in Brooks.
  





[4]
Further reference to the Texas Penal Code will
be by reference to section ___ or § ___.