NO.
12-07-00217-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

§          

IN RE: JOHNNIE 

GWENDOLYN ELLIOTT,   §          ORIGINAL
PROCEEDING

RELATOR

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION








            Johnnie
Gwendolyn Elliott seeks a writ of mandamus requiring the respondent to vacate
her June 11, 2007 order denying Mrs. Elliott’s motion to transfer venue and to
enter an order transferring the underlying divorce case to Dallas County.[1]  We deny the petition.

 

Background

            James
Elliott and Johnnie Gwendolyn Elliott are husband and wife.  Mr. Elliott filed a divorce action in Van
Zandt County alleging that he had been a domiciliary of Texas for the preceding
six months and a resident of Van Zandt County for the preceding ninety
days.  Mrs. Elliott filed a motion to
transfer venue requesting that the action be transferred to Dallas County.  She alleged in her motion that Mr. Elliott
had failed to plead venue facts and attached an affidavit to the motion stating
that her county of residence is Dallas County and the parties’ homestead is
situated in Dallas County.  Mr. Elliott
did not respond to the motion.  At a
hearing on April 25, 2005, the trial court denied Mrs. Elliott’s motion to
transfer venue and signed an order on June 11, 2007 memorializing its
ruling.  Mrs. Elliott then filed this
original proceeding along with a motion for temporary relief.

 

Availability
of Mandamus








            Mandamus
will not issue unless the trial court has committed a clear abuse of discretion
for which appeal is not an adequate remedy. 
Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992).  In the instant case, Mrs. Elliott contends
that venue of the underlying divorce action is proper in Dallas County because
the general venue statute applies.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 15.002(a)(2) (Vernon 2002).[2] 
She further argues that because she filed a timely motion to transfer
venue in accordance with Texas Rule of Civil Procedure 87 and Mr. Elliott
failed to oppose the motion as required by the rule, the trial court abused its
discretion in denying her motion to transfer. 
We disagree.

            The
Texas Family Code provides that a suit for divorce may not be maintained in
this state unless at the time the suit is filed either the petitioner or the
respondent has been (1) a domiciliary of this state for the preceding six
months and (2) a resident of the county in which the suit is filed for the
preceding ninety days.[3] 
Tex. Fam. Code Ann. §
6.301 (Vernon 2006).  As a specific
statute, section 6.301 controls over the general venue statute, section
15.002.  See Lutes v. Lutes,
538 S.W.2d 256, 257 (Tex. App.–Houston [14th Dist.] 1976, no writ) (interpreting
predecessor to section 6.301). 
Therefore, the general venue statute does not apply in divorce
actions.  Id.  Consequently, the petitioner in a divorce
action “may now bring suit in either the county of his residence or in that of
the respondent’s.  But the choice of in
which of those counties the suit is to be filed is still given to the
petitioner.”  Id. at
258.  (interpreting prior section 3.21
containing same language as section 6.301). 
Moreover, a motion to transfer venue is not appropriate in a divorce
case and should not be granted even when the respondent does not file a
controverting affidavit as required by Rule 87. 
See id. (plea in abatement proper method of challenging
satisfaction of residency requirements); Randell v. Randell, 222
S.W.2d 252, 254 (Tex. Civ. App.–Fort Worth 1949, writ dism’d) (residency
requirements not subject to waiver for failure to controvert motion to transfer
venue).  

            Alternatively,
Mrs. Elliott argues that because an interest in land (the parties’ homestead)
is at stake in the divorce action, the trial court should have granted her
motion to transfer.  Certain actions
pertaining to real property, including actions for recovery of real property or
an estate or interest in real property and suits for partition of real
property, must be brought in the county in which all or a part of the property
is located.  See Tex. Civ. Prac. & Rem. Code Ann. § 15.011
(Vernon 2002).  However, the underlying
proceeding is a divorce action.  The
power vested in the courts to grant divorces is strictly regulated by
statute.  Harkness v. McQueen,
207 S.W.2d 676, 679 (Tex. App.–Galveston 1948, no writ); see also Tex. Fam. Code Ann. §§ 6.001–.711 (Vernon
2006).  The power of the courts to divide
the estate of the parties is a special power conferred by statute.  See Tex.
Fam. Code Ann. § 7.001 (Vernon 2006) (“In a decree of divorce or
annulment, the court shall order a division of the estate of the parties in a
manner that the court deems just and right, having due regard for the rights of
each party and any children of the marriage.”). 
When the trial court fails to decree a partition of the parties’ real
property in decreeing the divorce, a subsequent independent partition suit can
be brought.  Harkness, 207
S.W.2d at 679.  That suit must be brought
in the county in which all or a part of the property is located.  See id. (trial court
properly transferred venue of postdivorce partition action to county in which
real property was located); see also
Tex. Civ. Prac. & Rem. Code Ann. § 15.011.  When, as here, no divorce decree has been
entered, the specific statute, section 6.301, controls venue of the
action.  See Lutes, 538
S.W.2d at 257.  

 

Conclusion

            Section
6.301, and not section 15.002 or section 15.011, governs venue in this
case.  Therefore, the trial court did not
abuse its discretion in overruling Mrs. Elliott’s motion to transfer
venue.  Because the trial court did not
abuse its discretion in overruling the motion, we need not address whether Mrs.
Elliott has an adequate remedy by appeal. 
The petition for writ of mandamus is denied and the motion
for temporary relief is overruled as moot.

                                                                                                     SAM GRIFFITH     

                                                                                                               Justice

Opinion
delivered July 18, 2007.

Panel consisted of Worthen, C.J.,
Griffith, J., and Hoyle, J.

 

 

(PUBLISH)











[1] The
respondent is the Honorable Teresa Drum, Judge of the 294th Judicial District
Court, Van Zandt County, Texas.  The real
party in interest is James Elliott.





[2] Subject
to exceptions not applicable here, all lawsuits shall be brought (1) in the
county in which all or a substantial part of the events or omissions giving
rise to the claim occurred; (2) in the county of the defendant’s residence at
the time the cause of action accrued if the defendant is a natural person; or
(3) in the county of the defendant’s principal office in this state, if the
defendant is not a natural person.  Tex. Civ. Prac. & Rem. Code Ann. §
15.002(a).





[3] It
is uncontroverted that Mr. Elliott meets these requirements.