**VALLEY INTERNATIONAL PROPERTIES, INC., Appellant,**

v.

**BROWNSVILLE SAVINGS AND LOAN ASSOCIATION et al., Appellees.**

No. 1352.

Court of Civil Appeals of Texas, Corpus Christi.

April 19, 1979.

Rehearing Denied May 17, 1979.

Joel W. Cook, Houston, Joseph A. Cohn, Jr., Corpus Christi, for appellant.

Joel William Ellis, Harlingen, for appellees.

## OPINION

YOUNG, Justice.

This is an appeal from a suit brought by Bill Bass and appellant, Valley International Properties, Inc. against C. Fount Ray, and appellees, Brownsville Savings & Loan Association, and Los Campeones, Inc., seeking 1) to have a trustee's sale declared void and to have certain deeds issued at this sale cancelled and 2) to recover damages for breach of fiduciary duty in the conduct of the trustee's sale. Much of the background of this suit is explained in our earlier decision, *Valley International Properties, Inc. v. Los Campeones, Inc.*, 568 S.W.2d 680 (Tex. Civ.App.—Corpus Christi, 1978, writ ref'd n. r. e.). Briefly, Brownsville Savings, mortgagee herein, loaned several million dollars secured by deeds of trust to V.I.P. for the purchase of golf course facilities in Cameron County, Texas. V.I.P. defaulted on the obligation and the trustee's sale complained of below and here followed. After the sale, V.I.P. and Bass brought suit alleging that C. Fount Ray, as Trustee, Brownsville Savings, and Los Campeones, had conspired to prevent purchasers from attending the trustee's sale which was held June 7, 1977; and that Ray had breached his fiduciary duty to V.I.P. by advertising that the sale would be for cash only and requiring bidders to pay cash for properties bid upon, while Brownsville Savings extended credit to Los Campeones which was thereby able to purchase and did purchase all the properties sold at the trustee's sale.

In response to these allegations, Brownsville Savings and Los Campeones filed a plea in abatement and answer in which they denied these allegations. Their reply stated, among other things, that Brownsville Savings had credited V.I.P.'s debt for all the amounts Los Campeones bid at the sale; that V.I.P. had abandoned the golf course facility prior to the foreclosure sale; that, thus, in essence Los Campeones and Brownsville Savings were "mortgagees in possession" of the golf course properties

and that the suit should be dismissed for the failure of V.I.P. to tender or show a willingness to tender the debt. See *Jasper State Bank v. Braswell*, 130 Tex. 549, 111 S.W.2d 1079, 1083 (Tex.Com.App.1938, opinion adopted); 39 Tex.Jur.2d rev., Mortgages and Trust Deeds §§ 86, 87, 196 (1976).

Brownsville Savings and Los Campeones also filed a motion for summary judgment claiming the absence of any issues of material fact, failure to state a claim, and, again, abandonment of the disputed property. Following these pleas, V.I.P. and Bass filed a second amended original petition which generally admitted that at some time prior to the trustee's sale herein, Los Campeones and Brownsville Savings took possession of the Country Club facilities herein.

The above plea in abatement and motion for summary judgment were set for hearing on December 22, 1977. During this hearing, a transcription of which is a part of the record herein, the trial judge, on his own motion, stated that in his opinion the issues of the instant case had been decided in the *Valley International Properties v. Los Campeones*, supra, case. Accordingly, he stated that he would dismiss the case as to Brownsville Savings and Los Campeones and would sever the cause against C. Fount Ray. The trial judge also engaged in the following discussion with Joel Ellis, attorney for V.I.P. and Bass:

"The Court: Let me ask you this, Mr. Ellis: . . . let us say for the sake of speaking, say there might have been fraud exercised where you were denied your due process; are you in position now to pay the entire balance?

My recollection is the plaintiff was the one who filed for bankruptcy.

Mr. Ellis: The plaintiff did file for bankruptcy, Your Honor, Chapter XI, and *the plaintiff is not in position to pay the entire balance*, but it is our position that if the sale were set aside, ultimately set aside in a full trial, Your Honor, that the sale should be re-held, and it's our position that the values received at that sale would be more than the values received at the other sale by reason of the conspir-

acy or the plan, scheme, and design under which the original sale was held." (Emphasis supplied).

Judgment dismissing appellant's and Bass' case with prejudice was signed on December 30, 1977. Within the judgment three reasons were expressed for the court's dismissal of the case:

"[1] And it appearing to the court that all issues in this case have been previously decided, . . . [2] and the Court having found as a matter of fact that Bill D. Bass and Valley International Properties, Inc. did not have the ability to pay the debt to Brownsville Savings and Loan Association and [3] further being of the opinion from the record in said prior cause . . . and from the pleadings and motions on file herein, that said Plaintiffs have no issue requiring further consideration by the Court in the cause remaining unsevered herein:

IT IS ACCORDINGLY ORDERED, . . . that the cause of action . . . against Brownsville Savings and Loan Association and Los Campeones, Inc. . . . is hereby, dismissed, with full prejudice . . . ."

Appellant, V.I.P., filed a motion for new trial which only complained that there existed material issues of fact and that collateral estoppel did not apply to defendant Brownsville Savings. A hearing was held on the motion for new trial, and the same was denied. Bass did not appeal, but V.I.P. did.

Appellant, V.I.P., brings three points of error. Point 1 complains in the first of its subparts that the trial court erred in dismissing the suit with prejudice because genuine issues of material fact exist. Point 1 also alleges error in dismissing the suit because there was no motion to dismiss before the trial court. This particular complaint was never raised in the trial court, though, and cannot be considered for the first time on appeal. *Harmon v. City of Dallas*, 229 S.W.2d 825 (Tex.Civ.App.—Dallas 1950, writ ref'd n. r. e.); Rule 324, T.R.C.P. The remainder of point 1 and all of point 2 complain that the trial court erred in failing

to hear the appellees' motion for summary judgment. Again, this complaint was not raised during the hearing or in appellant's motion for new trial and cannot be raised for the first time on appeal. *Harmon*, supra. Appellant's point 3 contends the trial court erred in ruling that appellant was collaterally estopped from bringing this suit.

We need not reach the merits of the first subpart of point 1 or point 3 as they regard the requested relief of voiding the sale and cancelling the deeds because appellant failed to assign error to one of the trial court's independent grounds for dismissing the case; i. e., as set forth above, that V.I.P. did not have the ability to pay the debt to Brownsville Savings as a condition precedent to relief in this action. A mortgagee lawfully in possession of the mortgaged property has a right to retain possession until the mortgage debt has been paid in full. *Jasper State Bank v. Braswell*, supra.

Where a determination may rest upon more than one ground the party aggrieved by the judgment must assign error as to each such ground or risk having the judgment affirmed on the ground to which no error was assigned. *Nesmith v. Hester*, 522 S.W.2d 605 (Tex.Civ.App.—Austin 1975, no writ); *LeJeune v. Gulf States Utilities Company*, 410 S.W.2d 44 (Tex.Civ.App.—Beaumont 1966, writ ref'd n. r. e.). Appellant's failure to assign error to this independent ground requires us to affirm the trial court's determination dismissing appellant's action to void the sale and cancel the deeds.

This leaves us with deciding the merits of the first subpart of appellant's point 1 and appellant's point 3 as they relate to appellant's cause alleging damages for breach of fiduciary duty in the conduct of the trustee's sale.

Again, the first subpart of point 1 alleges that there exist material issues of fact raised by the pleadings and affidavits. This point reads as if a summary judgment had been granted, and yet, within appellant's brief, V.I.P. unequivocally asserts that the motion for summary judgment was not heard. Appellees, in their brief, also appear to agree that the motion for summary judgment was not heard in the trial court. The judgment recitals, themselves, are not conclusive as to whether the court passed upon the motion for summary judgment. Accordingly, we must look to the remainder of the record to determine the intent of the court. *Lone Star Cement Corporation v. Fair*, 467 S.W.2d 402 (Tex. Sup.1971); 4 McDonald, Texas Civil Practice, § 17.10.1 n 77 (1971). During the hearing of this matter Mr. Ellis objected to the introduction into evidence of the record of the prior suit, *Valley International Properties, Inc. v. Los Campeones, Inc.*, supra, as not being in compliance with the rules with regard to summary judgments. The court then responded:

"Well let me say this: Gentlemen, I'm not—the summary judgment itself and everything else, *I am doing this at my own instance.*" (Emphasis supplied).

We think this statement taken in conjunction with the parties' position in their briefs reflects the fact that the trial court never ruled upon the motion for summary judgment. Accordingly, nothing with respect to the motion for summary judgment is presented for review. *Beacon National Insurance Co. v. Young*, 448 S.W.2d 812, 813 (Tex.Civ.App.—Dallas 1969, writ ref'd n. r. e.). Appellant's points 1, 2, and 3 as it relates to appellant's action to void the trustee's sale and cancel the deeds, are overruled.

Appellant's point 3 as it relates to the appellant's action for damages, contends the trial court erred in ruling that res judicata or collateral estoppel prevented appellant from bringing this action. We agree.

A statement of the traditional general principle of res judicata is as follows:

"[A] question of fact or of law, distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense in a suit or action between parties sui juris, is conclusively settled by the final judg-

ment or decree therein, so that it cannot be further litigated in a subsequent suit between the same parties or their privies, whether the second suit be for the same or a different cause of action. *State of Oklahoma v. State of Texas*, 256 U.S. 70, 86, 41 S.Ct. 420, 422, 65 L.Ed. 831 (1920)." *Hammonds v. Holmes*, 559 S.W.2d 345, 346 (Tex.Sup.1977).

The previous cause of action, involving several of the parties hereto, was a suit to compel a shareholders' meeting pursuant to Tex.Bus.Corp.Act Ann. art. 2.24 (Supp. 1978). The only fact issues to be determined there involved 1) whether Los Campeones was a shareholder and 2) whether an annual shareholders' meeting had been held in the prior thirteen month period. Neither of these issues is involved in the instant suit. Moreover, we do not consider that the issues of the instant suit necessarily should have been considered in the prior suit. It would be fundamentally and procedurally unfair to compel V.I.P. to bring suit for wrongful acts in the sale of real estate at a trustee's sale as a counterclaim to a suit by Los Campeones to compel a shareholders' meeting; notwithstanding that Los Campeones purchased its controlling shares in V.I.P. at the same trustee's sale which is the subject of the instant suit. *Griffin v. Holiday Inns of America*, 496 S.W.2d 535, 538 (Tex.Sup.1973). Res judicata is not a bar to the instant suit.

Insofar as collateral estoppel might apply to the instant suit, the general rule is that collateral estoppel also operates to prevent a question of law or an issue of fact which has once been litigated and adjudicated in a court of competent jurisdiction from being relitigated in a subsequent suit between the same parties or those in privity with them. *Olivarez v. Broadway Hardware, Inc.*, 564 S.W.2d 195, 198 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.). As explained above, the issues in the former cause are entirely distinct from those in the instant suit and thus collateral estoppel does not apply either. Accordingly, we sustain appellant's point 3.

■ In this action, the claim to void the trustee's sale and cancel certain deeds and the claim for breach of fiduciary duty in the conduct of the trustee's sale involve the same facts and similar issues which are so interwoven as to make it impractical to try the case piecemeal. Consequently, we reverse the entire judgment as to V.I.P. See *McCollum v. Parkdale State Bank*, 566 S.W.2d 670, 675 (Tex.Civ.App.—Corpus Christi 1978, no writ). Bass, however, did not file an appeal in this cause, and we do not think that V.I.P.'s rights to full and effective relief are dependent on Bass' being made a part of this cause. See *Dairyland County Mut. Ins. Co. of Tex. v. Martinez*, 484 S.W.2d 785 (Tex.Civ.App.—El Paso 1972, writ ref'd n. r. e.).

■ Appellees have also filed a motion in this Court asking us to dismiss the appeal because Joel Ellis, attorney for the appellant, has no authority to represent V.I.P. in this appeal. An affidavit of the purported president of V.I.P., Pat Stanford, stating that Ellis has no authority to represent V.I.P., and a notarized copy of corporate minutes showing Stanford as the elected president of V.I.P. accompany the motion. We need not consider the merits of this motion, however, in that a motion pursuant to Rule 12, T.R.C.P. is the exclusive method of questioning the authority of an attorney to bring suit and such motion must be heard and determined " 'before the parties have announced ready for trial.' " *Angelina County v. McFarland*, 374 S.W.2d 417, 423 (Tex.Sup.1964). This motion may not be raised, as it is here, for the first time on appeal. Appellees' motion to require appellant's attorney to prove authority is overruled. Joel Cook, attorney for appellees, purporting to represent V.I.P. has also filed a motion seeking to dismiss this appeal and Joel Ellis; it is accompanied by a resolution of the asserted directors of V.I.P. purportedly elected at a special shareholders' meeting on July 7, 1977. We cannot sustain this motion either. The affidavits in the record and the motion state that only a "special meeting" was held to elect these directors. Generally, the Tex.Bus.Corp.Act Ann. art. 2.32 (Supp.1978) requires that directors be

elected at annual meetings. Thus we do not accept the efficacy of the "special meeting" whereby directors were elected where, as here, there is no evidence of authorization in the corporation's by-laws or articles of incorporation permitting the election of directors at "special meetings." Tex.Bus. Corp.Act Ann. art. 2.32 (Supp.1978). Further, any assertion that Stanford is president of V.I.P. is not sufficient in itself to give him the authority to control litigation and to employ and terminate employment of counsel. *Square 67 Dev. Corp. v. Red Oak State Bank*, 559 S.W.2d 136 (Tex.Civ. App.—Waco 1977, writ ref'd n. r. e.). According to Tex.Bus.Corp.Act Ann. art. 2.31 (1956) the "business and affairs of a corporation shall be managed by a board of directors" and unless the by-laws or a directors' resolution so provides, the president has no authority to conduct litigation for the corporation. Tex.Bus.Corp.Act Ann. art. 2.42(B) (1956), *Square 67 Dev. Corp. v. Red Oaks State Bank*, supra. We have no such by-laws or resolution before us and consequently we cannot say that Stanford has the authority to dismiss Mr. Ellis from this case. V.I.P.'s motion is accordingly overruled.

Appellees finally also seek dismissal of the case because no notification was given to appellees' counsel of the filing of appellant's certificate of deposit in lieu of appeal bond. The notice required by Rule 354(b), T.R.C.P. is not jurisdictional; and where, as in this case, the appellees allege no harm or detriment as a result of the lack of notice, the appeal will not be dismissed. *Harrison v. Harrison*, 543 S.W.2d 176, 178 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ). This motion is overruled.

The judgment of the trial court is affirmed as to Bill D. Bass and it is reversed and the cause is remanded for trial as to Valley International Properties, Inc.