**NOLANA DEVELOPMENT ASSOCIATION, Appellant,**

v.

**JEFFERSON SAVINGS & LOAN ASSOCIATION, Appellee.**

No. 1845.

Court of Civil Appeals of Texas, Corpus Christi.

Feb. 12, 1981.

Rehearing Denied March 5, 1981.

H. H. Rankin, Jr., Rankin & Kern, McAllen, for appellant.

R. Gaines Griffin, Weslaco, O. C. Hamilton, Jr., Walter J. Passmore, Ewers, Toothaker, Ewers, Abbott, Talbot, Hamilton & Jarvis, McAllen, for appellee.

OPINION ON MOTION TO DISMISS

PER CURIAM.

Jefferson Savings & Loan Association of Texas, appellee, seeks an order of this Court dismissing the appeal filed by Nolana Development Association, appellant, due to the failure to comply with the notice provision set out in Rule 354(b), T.R.C.P. This rule requires the appellant to promptly give notice to the opposing counsel of record of the filing of the bond or certificate of deposit to perfect an appeal. After failing to receive notice, appellee entered into a contract of sale of the disputed property. When appellee finally did learn of the perfected appeal, the purchaser required the appellee to sign an indemnification agreement. We hold that the failure to give notice did cause harm to the appellee, and, therefore, the appeal should be dismissed.

The original suit involved the allegedly unlawful entry and exercise of control over certain property belonging to the partners of a joint venture. Appellee moved for summary judgment on the theory that no written contract to sell the property in question had been entered into by the parties. Appellee also moved for summary judgment against a cross-plaintiff in the suit, alleging the validity of a foreclosure sale by which appellee obtained title to the property.

The motion for summary judgment of appellee was granted by the trial court on October 29, 1980. This judgment vested title to the property in the appellee pursuant to the foreclosure sale. An appeal bond was timely filed on November 24, 1980, which perfected the appeal under Rule 354(a), T.R.C.P. But, no entry was made on the court file on the 24th of November. Rather, the court records were changed in early December to reflect the proper filing date. There is uncontroverted evidence that the mistake was a clerical error made by the deputy district clerk.

It is uncontroverted that the attorney for the appellee checked with the district clerk on several occasions inquiring about the filing of an appeal bond. Representations were made by the clerk that no bond had been filed. It is also uncontroverted that neither party to the appeal received notice of filing, nor is there a letter of transmittal in the file of appellant's attorney. Based on these representations and the absence of any notice from appellant concerning the filing of an appeal bond, the attorney informed the appellee on December 3, 1980 that the property was no longer subject to litigation. He advised the appellee that it could dispose of the property as it so desired.

The central issue in the motion to dismiss is not that inequities were caused by the clerical error, but rather that the failure of the appellant to give notice of filing of an appeal under Rule 354(b) caused harm to appellee. After receiving advice from its counsel on December 3, 1980 that no appeal had been filed, appellee entered into a contract of sale of the property in dispute. The contract was signed on December 19, 1980 without knowledge of the properly filed appeal bond. If appellant had properly notified the appellee as required by Rule 354(b), then the appellee would not have had a reasonable basis to have entered into the contract of sale. This failure to notify caused harm to appellee in that appellee had to enter into an indemnification agreement with the purchaser pending a resolution of the appeal.

■ The failure to notify a party of the filing of a bond or certificate of deposit is not jurisdictional, thereby requiring this Court to dismiss the appeal for want of jurisdiction. *Valley Intern. Prop. v. Brownsville Sav. & Loan*, 581 S.W.2d 222, 227 (Tex.Civ.App.—Corpus Christi 1979, no writ); *Graves v. George Dulnig & Co.*, 538 S.W.2d 149 (Tex.Civ.App.—San Antonio 1976, no writ). It is within the power of this Court, however, to dismiss an appeal when there has been a failure to comply with the requirements of the Rules of Civil Procedure of this State and harm has been shown. Rule 387, T.R.C.P.; *Valley Intern. Prop. v. Brownsville Sav. & Loan*, supra:

"It is our opinion that under some circumstances lack of such notification may, in a proper case, authorize a court of civil appeals to dismiss the appeal. An example of such a case might be presented where the non-appealing party has changed his position to his detriment in reliance on his adversary's compliance with Rule 354(b)." *Harrison v. Harrison*, 543 S.W.2d 176, 178 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ).

Such is the situation in the appeal before this Court.

■ The failure to comply with the notice requirements and the clerk's improper filing, together with resulting harm, is sufficient grounds to dismiss the appeal. Although we are well aware of the policy considerations behind the amendments to the rules which seek to protect the appellate process, it does not go against the spirit of those rules to dismiss appeals in those situations in which violation of the rules has occurred and harm has resulted. The appellee's motion to dismiss the appeal is granted.