Ann R. CORSI, Trustee, Appellant,

v.

NOLANA DEVELOPMENT ASSOCIATION, Appellee.

No. 13–83–258–CV.

Court of Appeals of Texas, Corpus Christi.

June 28, 1984.

Robert L. Galligan, Weslaco, for appellant.

Mark Z. Levbarg, Austin, for appellee.

Before UTTER, J., NYE, C.J., and YOUNG, J.

## OPINION

### ON MOTION FOR REHEARING

UTTER, Justice.

The original opinion filed and delivered on May 31, 1984, is hereby withdrawn and the following opinion is substituted therefor.

This is an appeal from an award of money damages for the breach of fiduciary duties by a trustee. Appellee Nolana Development Association (Association) was a joint venture whose sole asset was approximately 40 acres of undeveloped land in Hidalgo County. The Association brought this action against appellant, alleging that she, both as trustee for the Association and in her individual capacity, caused the loss of the real estate through foreclosure. After a trial before a judge sitting without a jury, the Association was awarded a recovery of $750,000.00 from appellant based upon the trial court's conclusion that appellant had breached her fiduciary duties as trustee.

In May of 1977, the Association was composed of Robert D. Conine, Lucille Hendricks and Lee Rogers. On May 6, 1977, Lee Rogers sold his entire interest in the Association to Manny Corsi, who assumed Lee Rogers' share of the indebtedness of the Association. In order to finance this change of interest, the indebtedness on the land was refinanced by the Association with a $189,000.00 note, $49,000.00 of which went personally to Manny Corsi. This personal use of $49,000.00 from the Association's loan was acknowledged by Manny Corsi and his wife Ann R. Corsi in a letter dated May 6, 1977 to Conine and Hendricks.[1] The land, the sole asset of the Association, was placed in the name of Ann R. Corsi, Trustee, with no other document recognizing the trust or assigning duties to Ann R. Corsi as Trustee. Mrs. Corsi was the only person who signed the Deed of Trust to the land which secured the loan.

The parties stipulated that, from May 6, 1977 until December 3, 1977, Nolana Development Association was composed of Robert D. Conine, Lucille Hendricks and Manny Corsi. On December 3, 1977, Manny Corsi died. His widow, Ann R. Corsi, was named as Independent Executrix of the Estate of Manny Corsi on August 2, 1978. No payments were made as were required under the May 6, 1977 loan or the Deed of Trust, and, on June 30, 1978, Jefferson Savings & Loan Association (Jefferson) informed Corsi, Conine and Hendricks that the loan was in default and foreclosure proceedings were imminent.

On or about July 28, 1978, Conine and Hendricks entered into an agreement with Jefferson whereby Jefferson would foreclose on the land and later refinance and resell the land to Conine and Hendricks without the participation of Ann R. Corsi or the Estate of Manny Corsi.[2]

Jefferson foreclosed on the land, and, on November 7, 1978, Jefferson, as high and only bidder, purchased the land for $229,092.39, the amount of indebtedness by the Association to Jefferson. Jefferson failed to resell the land to Conine and Hendricks and subsequently sold the land for $980,000.00. *See Nolana Development Association v. Jefferson Savings & Loan Association*, 612 S.W.2d 676 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.).

Appellant has appealed alleging thirty-one frequently overlapping points of error. Basically, the main thrust of appellant's argument is that there is "no evidence" or "insufficient evidence" to support the trial court's judgment finding that appellant, by not preventing the foreclosure proceedings, breached her fiduciary relationship as trus-

1. "Dear Mrs. Hendricks and Mr. Conine:
    With respect to the recent purchase of the referenced property in the name of Ann R. Corsi, Trustee, we wish to advise you of the following:
    a. Each of you and the undersigned will own an undivided one-third (⅓) interest in the property, and each will be responsible for paying one-third (⅓) of that one certain note dated August 29, 1975, in the original principal amount of $140,000.00 plus interest executed by Herbert Lee Rogers, Lucille Hendricks and Robert Conine.
    b. The undersigned acknowledge and agree to be solely responsible and pay the additional $49,000.00 plus interest thereon borrowed from Jefferson Savings and Loan Association on May 6, 1977, and the proceeds of which were used to pay off the original $140,000.00 note described above."
    Respectfully,
    _____
    Manny Corsi
    _____
    Ann R. Corsi

2. Mrs. Harold Hendricks
    Mr. Bob Conine
    McAllen Materials Co., Inc.
    P.O. Box 788
    McAllen, Texas 78501
    "Dear Sirs:
    Arrangements are being made by Jefferson Savings and Loan Ass'n. to foreclose on your group's loan under the name of Ann Corsi, Trustee. We have agreed to proceed with foreclosure in order to remove the loan from a delinquent status.
    We will be in a position to restore the loan to you or your group provided the loan balance does not exceed the original amount of the loan. You will be required to make payment of all interest now due, plus any late charges and/or attorneys fees. The loan should then be re-financed on terms as agreed at the time of the first closing."
    Very truly yours,
    _____
    Ruben Hernandez
    Executive-Vice President

tee for appellee. Appellant alleges that she was a trustee in name only, that the trust was a passive trust and that there was no evidence or insufficient evidence to show that she had any duties or responsibilities in connection with such trust.

In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well established test set forth in *Glover v. Texas General Indemnity Company*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Allied Finance Company v. Garza*, 626 S.W.2d 120 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.); CALVERT, *No Evidence and Insufficient Evidence Points of Error*, 38 Tex.L.Rev. 361 (1960).

Appellant's testimony was extremely brief. She was never asked by counsel for appellee about the signing of the note or deed of trust as trustee, nor was she asked about her duties or responsibilities as trustee or even why she signed as trustee. Conine and Hendricks were not called to testify by either appellant or appellee. Therefore, the only evidence before us regarding the alleged trust relationship is the stipulation of facts between the parties and the documentary evidence introduced in the trial. The stipulation of fact contains no language which could possibly confer any powers, duties, or responsibilities on appellant as trustee. It is merely a factual recitation of the occurrence of events previously set forth herein. Thus, from an evidentiary standpoint, we are left with only the documentary evidence introduced at trial.

■ All of the instruments introduced in trial merely referred to appellant as Ann Corsi, Trustee. In none of these instruments were there any description of her powers, duties or responsibilities as trustee. There was no evidence introduced by appellee delineating appellant's duties or responsibilities under any trust instrument; thus, we are then left with these instruments which merely labeled appellant as "trustee." The mere use of the word "trustee" will not of itself create a trust. *Costello v. Hillcrest State Bank of Uni-* *versity Park*, 380 S.W.2d 780 (Tex.Civ.App. —Dallas 1964, no writ).

Appellee, in its third amended original petition alleges:

### IV.

The parties agreed to have the title to the land put in the DEFENDANT'S name as TRUSTEE *for a mutual convenience of the parties*, which was done. Although the title was put in DEFENDANT'S name expressly as TRUSTEE on the title documents, the PLAINTIFF association or its other individual members never intended to forego or part with the ownership of their interest in the land and it was never intended by the PLAINTIFF association nor its other individual members for it to be a gift by it to the DEFENDANT both individually and as trustee, but was subject to the above agreement and understanding of the parties.... [emphasis added].

In *Moore v. City of Waco*, 85 Tex. 206, 20 S.W. 61 (Tex.1892), the court stated:

"The nature of the trust not having been prescribed in the deed, it is what is known as a 'simple or dry trust' in which the cestui que trust is entitled to the actual possession and enjoyment of the property, and to dispose of it, or to call upon the trustee to execute such conveyances of the legal estate as he directs."

■ To create an express trust, a trustee must be given affirmative powers and duties; otherwise, the trust is "passive or dry." As stated in *Bohn v. Bohn*, 420 S.W.2d 165 (Tex.Civ.App.—Houston [1st Dist.] 1967, writ dism'd.):

"It is well settled that one who desires to create an express, private trust must give his trustee affirmative private duties. In the absence of such powers and duties the trust is *passive and dry*, and legal title, not merely an equitable interest, passes to the cestui que trust. There is respectable authority that the duty of executing a deed to a named cestui que trust is not such a duty as will

prevent *title from vesting immediately.*" [emphasis added].

■ Where the only purpose for creating a trust is mutual convenience of the parties and no duties or responsibilities concerning the administration of the trust by the trustee are shown by the evidence, then that which is created is a dry or passive trust. Appellant, as trustee, could not have breached her fiduciary duty to appellee.

Appellee also argues that, even if the trust was passive, appellant had the duty to convey the property back to the Association upon demand and that appellant's failure to do so caused the loss through foreclosure. Appellant responds that the Association did not plead appellant's failure to convey legal title to the land and that she was unaware of the claim until it appeared in the trial court's Findings and Conclusions.

■ Appellee did not allege in its trial pleadings that appellant either had a duty or failed a duty to convey the property. The pleadings and the evidence adduced at trial concerned appellant's failure to pay the original indebtedness, taxes and interest on the property. The Association filed a supplemental transcript in this court which included its original petition in trespass to try title and argues that "[f]rom these pleadings, the trial court could notice judicially that [appellant] did not convey legal title to Nolana Development Association upon its demand for her to do so...." The original petition had been superseded by the amended petition upon which appellees went to trial and, thus, was no longer a judicial admission; it had to be introduced into evidence before it could be considered as evidence. *Drake Insurance Company v. King,* 606 S.W.2d 812 (Tex.1980). The original pleading was not introduced in evidence in the trial of this cause and we decline to accept the argument that such pleading authorizes a court to "notice judicially" that appellant failed to convey the land when the Association demanded that she do so.

The appellee then contends that the record shows that appellant, as trustee, "refused to convey legal title to Nolana Development Association when she was directed to do so...." Appellee argues that, by refusing to convey title upon the demand by appellee, appellant then breached her duties as a passive trustee. We have examined those portions of the record cited, and we cannot agree that they establish appellee's claim. Rather, the evidence shows that appellant's attorney was told that if appellant "wanted to remove her liability all she had to do was sign that deed and convey that property to Mrs. Hendricks as trustee and [the Association] would eliminate all her obligation on the money that she was indebted to and we would forget the deal." This evidence does not show that appellant was ever called upon, in her capacity as trustee of a dry or passive trust, to convey the legal estate to the equitable owners; at most, it shows that the Association sought to have appellant transfer *all* her interests in the property, both as trustee and as executrix of the estate which owned ⅓ of the Association, in return for a release from liability on the outstanding indebtedness on the property.

■ Finally, appellee argues that, even if the express trust failed, a "resulting trust" arose, under which appellant retained a fiduciary responsibility to appellee. It is a creature of equity and is not erected by contract. *Sims v. Duncan,* 195 S.W.2d 156 (Tex.Civ.App.—Galveston 1946, writ ref'd.).

As stated in *Miller v. Donald,* 235 S.W.2d 201 (Tex.Civ.App.—Fort Worth 1950, writ ref'd. n.r.e.):

"A resulting trust is a species of an implied trust arising from what the parties did and not from what they said. Resulting trusts arise as a matter of law when land is purchased with money of one and title is taken in the name of another, the one who furnished the money for the consideration is the equitable owner and the one in whose name title was taken is a mere trustee and holds for the equitable owner."

Here appellant and her husband in their letter of May 18, 1978, clearly set forth the interests and responsibilities each party

could have under the note and deed of trust. The letter agreement, uncontradicted by appellee, recognized that each party, subject to certain indebtedness, had a one-third interest in the subject property. The relationship between the parties was established in law by the letter agreement of the parties, and appellant was not denying or attempting to deny the appellee's interest in the property.

 Even if it could be conceded that a resulting trust arose, there was insufficient evidence to show the terms of the trust or the conditions under which it arose. *Brelsford v. Scheltz*, 564 S.W.2d 404 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd. n.r.e.): Since there is insufficient evidence to establish a trust relationship between appellant and appellee, appellant's points of error which challenge the trial court's findings that she was liable to the Association in her capacity as trustee are sustained. All the other points of error are overruled.

In several points of error in appellant's counter-claim, appellant alleges that the trial court erred in failing to find that Conine and Hendricks breached their fiduciary relationship to appellant. Appellant requested no findings of fact or conclusions of law from the trial court concerning the joint venture or any possible fiduciary relationship arising therefrom. As previously stated, appellant's testimony was brief and no questions were asked her about the joint venture or the fiduciary relationship between her and Conine and Hendricks. Nor did she testify regarding any possible breach of the fiduciary relationship or any damages allegedly sustained by her as a result of any purported breach of the relationship. Even if the documentary evidence could be assumed to support some type of fiduciary relationship between appellant, Conine and Hendricks, this Court has previously held in *Imatani v. Marmolejo*, 606 S.W.2d 710 (Tex.Civ.App.—Corpus Christi 1980, no writ) that:

"When a given theory of recovery, or of defense, is raised by the pleadings and evidence, and findings of fact are made and filed, but no finding is referable to such theory, it will, on appeal, be deemed that such theory has been waived. Rule 299, T.R.C.P."

Appellant's points of error pertaining to her counter-claim or set-off are overruled. Using the same rationale, we also overrule appellee's contention that appellant was liable in her individual capacity.

The judgment of the trial court, insofar as it allowed appellee any recovery against appellant, as trustee or individually, is REVERSED and RENDERED. The judgment of the trial court in denying appellant's set off and counter-claim is AFFIRMED. All other relief requested in appellee's motion for rehearing is denied.