**HEXCEL CORPORATION, Appellant,**

v.

**CONAP, INC., Cook Paint and Varnish Company, Flexible Products Company, B.F. Goodrich Company, NCH Corporation, Mr. Plastics and Coatings, Inc. and Mr. Plastics of Texas, Appellees.**

No. 2–87–153–CV.

Court of Appeals of Texas, Fort Worth.

Oct. 8, 1987.

Maxwell, Godwin & Carlton, and Keith A. Glover, Dallas, for appellant Hexcel.

Stradley, Schmidt, Stephens & Wright, and Max E. Freeman, II, Dallas, for third party defendant, Cook Paint.

Jones, Day, Reaves & Pogue, and Frank J. Fox, Jr., Dallas, for third party defendant and fourth party plaintiff, B.F. Goodrich.

Settle & Settle, Peveril O. Settle III, Fort Worth, for third party plaintiff, NCH Corp.

Cowles & Thompson, and Michael L. Huddleston, Dallas, for third party defendant, Flexible Prod.

Touchstone, Bernays, Johnston, Beall & Smith, and Ronald W. Johnston, Dallas, for fourth party defendant Synair.

Before HILL, FARRIS and KELTNER, JJ.

## OPINION ON MOTION TO DISMISS APPEAL

KELTNER, Justice.

B.F. Goodrich filed a motion to dismiss the appeal of Hexcel Corporation for Hexcel's failure to give notice of filing of its cost bond in violation of TEX.R.APP.P. 46(d).

We grant the motion to dismiss.

The facts in this case are typical of a growing problem facing appellate courts. The record is clear that required notice of filing the cost bond was not timely given by Hexcel (appellant).

In 1979, the plaintiff, Betty Kirkpatrick, joined by her husband, James Kirkpatrick, (not a party to this appeal), brought suit against Hexcel Corporation, alleging that she contracted industrial bronchitis from exposure to products manufactured by Hexcel. More than five years later, Hexcel filed third party claims for contribution against B.F. Goodrich and several other parties. In turn, B.F. Goodrich filed a fourth party claim for contribution against Synair Corporation (Synair), whom B.F. Goodrich alleged was the actual manufacturer of the product to which the original plaintiff was allegedly exposed.

All third party defendants and Synair moved for and were granted summary judgments. The trial court severed those judgments from the pending cause of action and rendered a final judgment on June 12, 1987. The trial court's action resulted in a final summary judgment granted in favor of third party defendant B.F. Goodrich against third party plaintiff, Hexcel, as well as a summary judgment granted in favor of fourth party defendant, Synair, against fourth party plaintiff, B.F. Goodrich. Hexcel filed a cost bond to perfect its appeal on July 13, 1987, the last day in which it could perfect appeal.

■ Hexcel admits that it did not serve a copy of the appeal bond on any of the appellees, including B.F. Goodrich, until 38 days after the bond was filed. This is an obvious violation of the letter and spirit of TEX.R.APP.P. 46(d).

Rule 46(d) provides in pertinent part: Notification of the filing of the bond ... shall promptly be given by counsel for appellant by mailing a copy thereof to counsel of record.... Counsel shall note on each copy served the date on which the appeal bond or certificate was filed. Failure to serve a copy shall be ground for dismissal of the appeal or other appropriate action if appellee is prejudiced by such failure.

■ B.F. Goodrich was prejudiced by the failure of Hexcel to give notice of the filing of the cost bond. Because no notice was given, B.F. Goodrich did not file its own cost bond to perfect its appeal against the fourth party defendant, Synair. (Obviously, B.F. Goodrich would have no reason to appeal the summary judgment granted in favor of Synair, if Hexcel did not appeal. However, Hexcel's appeal would trigger B.F. Goodrich's desire to appeal Synair's judgment).

■ Nonetheless, Hexcel contends that B.F. Goodrich has not demonstrated that it was caused "harm" by Hexcel's violation of Rule 46(d) (TEX.R.CIV.P. uses the term "prejudice" rather than "harm"). Specifically, Hexcel argues that B.F. Goodrich had notice of the filing of cost bond through a letter sent by the clerk of this court stating, "the notice of appeal" was received and filed in this court on July 15, 1987. The clerk's letter does not state if and when a cost bond was filed. The "notice of appeal" referred to is not the notice of appeal referred to in TEX.R.APP.P. 40(a)(2). (In fact, a Rule 40(a)(2) notice of appeal would not be appropriate in this case.) Instead, the "notice of appeal" is an information receipt sent by the trial court to the Court of Appeals indicating that an appeal is likely, identifying the parties, briefly explaining the case, and indicating whether a notice of appeal or appeal bond was filed. This document is not sent to the attorneys in the case and serves as a source of informal communication between the trial court and the Court of Appeals. As a result, Hexcel cannot rely on this communication from the clerk to correct its violation of Rule 46(d).

■ Hexcel also argues that B.F. Goodrich suffered no "harm" because it failed to protect itself by filing a motion for extension of time to file the appeal bond in accordance with TEX.R.APP.P. 41(a)(2), once it became aware that Hexcel had filed its appeal bond. Far from standing idle, B.F. Goodrich did try to protect itself. On July 23, B.F. Goodrich received a document from Hexcel entitled, "Request to Clerk to Include Material in Transcript." The request for transcript did not request that the appeal bond be included, but made a passing reference to a "bond" in the prefatory paragraph. B.F. Goodrich's counsel searched his file and found no bond, called other attorneys of record who confirmed that they had not received a copy of the cost bond. Furthermore, counsel contacted the clerk of the 348th District Court and inquired if a cost bond had been filed. The clerk could not answer the question and referred counsel to another employee of the district clerk's office responsible for the preparation of the transcript. Counsel attempted to reach that employee on Monday, July 27, but his calls went unanswered.

Later that week, B.F. Goodrich's counsel discovered the cost bond had been filed.

As a result, it filed a motion to extend time to file the appeal bond in the trial court on August 3, 1987.[1] This motion was denied.

Hexcel criticizes B.F. Goodrich's motion contending that the trial court had no authority because the trial court had lost jurisdiction of the matter. Instead, Hexcel suggests that B.F. Goodrich should have filed a motion to extend time to file the appeal bond under TEX.R.APP.P. 41(a)(2).

A TEX.R.APP.P. 41(a)(2) motion was a preferable procedure. Nonetheless, the fact remains that Hexcel failed to give notice of its filing of the cost bond. Contrary to Hexcel's characterization of failure to give notice as a technicality, the lack of notice creates great problems in the appellate court. The filing of the appeal bond perfects the appeal and is the only jurisdictional prerequisite to obtaining appellate review. The mere fact that B.F. Goodrich could have done something different is immaterial.

 The rules of procedure and rules of appellate procedure mandate parties give notice of their actions to their adversaries. Participants in the litigation process are entitled to rely on their adversaries' adherence to the rules of procedure. Specifically, the Supreme Court amended TEX.R. APP.P. 46(d)'s predecessor, former TEX.R. CIV.P. 354(d), in 1984 to add the sanction of dismissal upon a showing of prejudice to the opposing party. This amendment codified prior case law. *Nolana Development Ass'n v. Jefferson Sav. & Loan Ass'n*, 612 S.W.2d 676 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.); *Harrison v. Harrison*, 543 S.W.2d 176, 178 (Tex.Civ.App.—

Houston [14th Dist.] 1976, no writ). We are not to be understood as allowing a party in B.F. Goodrich's position who did not receive notice of the filing of an appeal bond, to do nothing to protect itself. In these situations, the appellee must attempt to preserve its appeal and avoid prejudice. However, B.F. Goodrich did unsuccessfully attempt to protect itself.

In the instant case, the failure of Hexcel to give notice of filing of its cost bond prejudiced B.F. Goodrich. *Cf. Longbine v. Corpus Christi Lodge No. 189*, 730 S.W.2d 208, 209 (Tex.App.—Corpus Christi 1987, no writ) (per curiam). As a result, we dismiss Hexcel's appeal against B.F. Goodrich.

---

1. The motion filed by B.F. Goodrich relied on TEX.R.APP.P. 5(b)(4). Appellate Rule 5(b)(4) is the appellate equivalent of Rule 306a(4). In its motion, B.F. Goodrich claimed that it did not receive a "notice of judgment" and did not receive actual knowledge of the signing of the final judgment within 20 days after it was signed. As a result, B.F. Goodrich sought to have all time periods run from July 23, the date on which B.F. Goodrich claimed it had knowledge of the judgment. The facts recited in the motion reflect that the district clerk allowed one of the other third party defendants to mail conformed copies of the judgment to all parties. This was done shortly after the judgment was signed. B.F. Goodrich admits receiving a copy of the judgment, but states that the judgment was placed in the file by a secretary and not reviewed by the lawyer.

The motion was denied by the trial court. A close reading of the motion indicates that B.F. Goodrich suffered under a false impression of the law. Both TEX.R.CIV.P. 306a(3) and TEX. R.APP.P. 5(b)(3) provide that the clerk shall immediately give notice to all parties that the judgment has been signed. B.F. Goodrich interprets this rule to mean that a separate "notice" should be mailed by the district clerk instead of the actual judgment. In almost all instances, the district clerks mail a conformed copy of the judgment which suffices as notice of the judgment.