**Walter TEAGUE, Individually and a/n/f of Walter Teague, Jr., Appellants,**

v.

**Kevin V. ESPINOSA, Individually and Specia Plumbing & Electric, Inc., Appellees.**

**No. 04–91–00691–CV.**

Court of Appeals of Texas, San Antonio.

Feb. 26, 1992.

David W. Rogers, Martin John Navarro, Law Offices of Dave Rogers, Inc., San Antonio, for appellants.

Gail M. Price, John Milano, Jr., Thornton, Summers, Biechlin, Dunham & Brown, Inc., San Antonio, for appellees.

Before REEVES, C.J., and PEEPLES and BIERY, JJ.

## OPINION

REEVES, Chief Justice.

Appellees have filed a motion to dismiss this appeal, and alternatively, a motion to strike part of the transcript. The summary judgment in this cause was signed August 15, 1991. The appeal bond was filed on November 12, 1991, one day prior to its due date. The transcript was filed timely on December 12, 1991.

Appellees' counsel states in her verified motion and in an affidavit attached to the motion that she received no notice of the filing of the appeal bond as required by Tex.R.App.P. 46(d), and no notice of the filing of the designation of the documents to be included in the transcript as required by Tex.R.App.P. 51(b). She also states that she received no notice from appellant's counsel that the transcript had been filed.

She further avers that she received no notice that the appeal was pending until January 15, 1992 (more than a month after the transcript was filed), when a letter from our clerk, addressed to the wrong attorney, reached her desk. Appellant's brief was filed in this court on January 13, 1992.

Appellant's attorney, in his unverified response, does not deny that he failed to provide notice of the filing of these documents.[1] He states only that he provided appellees' attorney with a copy of his brief. Appellant's attorney argues only that appellees have not shown they were harmed by the failure to receive notice.

Appellate Rule 46(d) provides:

Notification of the filing of the bond or certificate of deposit *shall* promptly be given by each appellant by serving a copy thereof on all parties in the trial court together with notice of the date on which the appeal bond or certificate was filed. Failure to so serve all other parties shall be ground for dismissal of the appellant's appeal *or other appropriate action if an appellee is prejudiced by such failure.*

(Emphasis added).

■ Appellees' motion contains only unsupported allegations of prejudice. Actual harm, rather than a bald allegation of prejudice, is required to support dismissal of an appeal for failure to provide notice of the filing of an appeal bond. *See Hare v. Hare,* 786 S.W.2d 747, 749 (Tex.App.— Houston [1st Dist.] 1990, no writ) (appeal dismissed; failure to notify reduced by 15 days the 30–day period in which appellee could obtain temporary orders pending appeal); *Hexel Corp. v. Conap, Inc.,* 738 S.W.2d 359, 362 (Tex.App.—Fort Worth 1987, writ denied) (appeal dismissed; appellant's delay in providing notice of filing of appeal bond resulted in third party's loss of cross-appeal against fourth-party defendant); *Valley Int'l Properties, Inc. v. Brownsville Sav. & Loan Ass'n,* 581

S.W.2d 222, 227 (Tex.Civ.App.—Corpus Christi 1979, no writ) (dismissal denied; appellee alleged no harm or detriment as a result of the lack of notice).

■ While we deny the motion to dismiss, we are troubled by appellant's counsel's flaunting of the mandatory notice requirements of the appellate rules. Appellees assert in their motion that appellant's counsel has consistently failed to send them copies of documents filed with both the district and appellate clerks. Appellees contend that they have been unduly prejudiced by this consistent failure on the part of appellant's counsel.

Certainly any appellee is prejudiced to some degree by the failure to be informed that the opposing party is proceeding with an appeal. Motions relating to informalities in the record must be filed within 30 days of the filing of the transcript or they are waived. Tex.R.App.P. 71. An appellee must decide if he must file a bond to perfect his own appeal. An appellee must review the appellant's designation of the documents to be included in the record to determine if he must request that additional documents be included. Tex.R.App.P. 51(b), 53(b). Strategic considerations must be discussed and decided upon between the appellee and his counsel. In this case, appellees did not learn of the existence of the appeal until after appellant's brief had been filed and the time to file their own brief had commenced to run. *See* Tex. R.App.P. 74(m).

Rule 46(d) provides that we may take "other appropriate action" if an appellee is prejudiced by the failure to provide notice. The prejudice to appellees in this case is not such that requires dismissal of the appeal. However, the prejudice to appellees and the flaunting by appellant's attorney of the appellate rules are severe enough to require the imposition of an appropriate sanction.

---

1. The designation contains a certificate of service, but appellees' counsel has sworn in both the motion and her affidavit that she never received it. Any presumption of service created by the certificate of service is destroyed when opposing evidence is introduced that the document was not received. *Cliff v. Huggins,* 724 S.W.2d 778, 780 (Tex.1987). Not only does appellant fail to allege that the designation was sent; his response is unverified and not supported by any evidence.

It is therefore ORDERED that appellant pay to appellees ten times the total taxable costs of court as a sanction for failure to timely notify appellees of the filing of the cost bond and the designation of documents to be included in the transcript. This sanction will be included as part of our judgment and is payable upon issuance of the judgment.

■ Appellees also ask us to strike a document in the transcript entitled "Plaintiff's Supplemental Response to Motion for Summary Judgment." Three affidavits are attached to the supplemental response. Appellees' attorney avers that the supplemental response was not filed until after the court's ruling on the motion for summary judgment, and was not considered by the court in making its ruling on the motion.

Appellant's response is that appellees' counsel's affidavit is not sufficient to support the striking of a part of the transcript. Once again, appellant does not deny the truth of appellees' contention or submit a controverting affidavit of his own.

Issues not expressly presented to the trial court in a written motion, answer, or response cannot serve as grounds for reversal on appeal. Tex.R.Civ.P. 166a(c); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). Objections to summary judgment must be before the court *at the hearing. Clear Creek,* 589 S.W.2d at 677. Because the supplemental response and its attachments were not presented to, or considered by the trial court at the summary judgment hearing, anything contained in those documents cannot be considered on appeal.

The motion to strike is granted. It is ORDERED that "Plaintiff's Supplemental Response to Motion for Summary Judgment," together with the attached affidavits, is stricken from the transcript. Those documents will not be considered by this court in reaching its decision in this appeal.