The Petition for Writ of Mandamus is conditionally GRANTED; Opinion Filed February 13, 2013.



In The

# Court of Appeals
## Fifth District of Texas at Dallas

---

No. 05-13-00001-CV

---

## IN RE JAMES MATTHEW HURLEY, Relator

On Appeal from the 15th Judicial District Court
Grayson County, Texas
Trial Court Cause No. FA12-1419

### OPINION

Before Justices Moseley, Francis and Fillmore
Opinion by Justice Moseley

Relator filed this petition for writ of mandamus complaining that the trial court erred in transferring his divorce and suit affecting the parent-child relationship (SAPCR) from Grayson County to Cameron County. In order to obtain mandamus relief, relator must show both that the trial court has abused its discretion and that he has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). We agree that the trial court abused its discretion in transferring the case and that relator has no adequate remedy by appeal. We therefore conditionally grant the petition for writ of mandamus.

Relator filed his original petition for divorce and SAPCR in Grayson County on September 10, 2012. At the time, no other court had continuing jurisdiction over the children

and relator had lived in Grayson County for more than ninety days, making Grayson County a proper venue for both the divorce and the SAPCR. In response, real party in interest Yvonne Hurley filed an answer containing a motion to transfer venue to Cameron County, where she lived with the minor children. After a hearing, the Court granted the motion to transfer venue and transferred both the divorce and the SAPCR to Cameron County. Relator's motion for reconsideration was denied.

Relator and real party in interest agree that Grayson County was a proper county for the filing of the divorce proceeding. However, real party in interest asserts that the divorce action could be transferred either under TEX. FAM. CODE ANN. § 155.202(b) (West 2008) (permitting transfer of SAPCR for convenience of parties and witnesses and in the interest of justice) or under TEX. CIV. PRAC. & REM. CODE ANN. § 15.002 (West 2002) (same). However, neither of these discretionary transfer provisions applies to the divorce action. The venue provisions of the civil practice and remedies code do not apply to cases governed by the family code. *See In re Nabors*, 276 S.W.3d 190, 194 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding) (15.002 did not apply to SAPCR).

Moreover, the Texas Family Code makes a distinction between the proper venue of a divorce and the proper venue of a SAPCR. *See* TEX. FAM. CODE ANN. § 6.301 (West 2006) (jurisdiction of divorce proper when petitioner has been resident of state for six months and resident of county for ninety days); § 6.406 (requiring joinder of SAPCR with divorce proceeding unless another court has continuing jurisdiction of children); § 103.001(a) (venue for SAPCR is in county where child resides unless venue is fixed by suit for divorce). Thus § 155.202(b) cannot be used to transfer relator's divorce action to Cameron County against his wishes.

2

The trial court could, in other circumstances, transfer the SAPCR to Cameron County under § 155.202(b) after finding that county more convenient for the parties. However, if the SAPCR were transferred to Cameron County in this case, relator would have the right to effectuate a mandatory transfer back to Grayson County. *See* TEX. FAM. CODE ANN. § 155.201(a) (West 2008) (requiring transfer of SAPCR to county where divorce is pending upon motion of a party). Because the divorce is not transferrable, we find it an abuse of the trial court's discretion to transfer the SAPCR to another county over relator's objection. The family code requires that the divorce and the SAPCR, properly filed, must proceed together in the county of relator's choosing. In this case, venue must remain in Grayson County.

Because the trial court abused its discretion in transferring the case and that error cannot be remedied by appeal, we conditionally **GRANT** relator's petition for writ of mandamus. The writ will issue only if the trial court fails to vacate its November 15, 2012 "Order Granting Transfer of Venue to Cameron County, Texas and Temporary Visitation Provision for the Children" and his December 10, 2012 order denying reconsideration of the November 15 order and fails to render an order denying the motion to transfer venue. We **DENY** relator's motion for emergency relief as moot.

JIM MOSELEY
JUSTICE

130001F.P05