**Conditionally GRANT; and Opinion Filed November 10, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01163-CV

### IN RE KATELYN LEANN KYBURZ, Relator

**Original Proceeding from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. FA-13-1542**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Whitehill
Opinion by Justice Lang-Miers

In this petition for writ of mandamus, relator Katelyn Leann Kyburz (Mother) asserts the trial court abused its discretion by rendering temporary orders that had the effect of changing the designation of the person who has the exclusive right to designate the primary residence of the children, in violation of section 156.006(b)(1) of the Texas Family Code. We agree and conditionally grant mandamus relief.

### Background

Mother and real party in interest, Samuel Devin Kyburz (Father), were divorced in November 2013 in Grayson County and appointed joint managing conservators of their two children. Mother was appointed as the joint managing conservator with the exclusive right to designate the primary residence of the children. In June 2015, Father filed a motion to modify alleging a material and substantial change in circumstances and seeking to be appointed the joint managing conservator with the exclusive right to designate the primary residence of the children.

While Father's suit for modification was pending, the trial court rendered temporary orders requiring Mother to refinance the home she received in the divorce. The orders stated that if Mother did not refinance the home by a certain date, the court would appoint Father as the joint managing conservator with the exclusive right to designate the primary residence of the children. This mandamus proceeding followed. Mother sought emergency relief from the orders, which we granted.

## Applicable Law

While a suit for modification is pending, a trial court may not issue a temporary order that has the effect of changing the designation of the person who has the exclusive right to determine the primary residence of the children unless the change is in the best interest of the children and the children's current circumstances would significantly impair their physical health or emotional development. TEX. FAM. CODE ANN. § 156.006(b)(1) (West 2014).

## Standard of Review

To obtain mandamus relief, the relator must show that the trial court clearly abused its discretion and there is no adequate remedy by appeal. *In re Hurley*, 442 S.W.3d 432, 432–33 (Tex. App.—Dallas 2013, orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts. *In re Winters*, No. 05-08-01486-CV, 2008 WL 5177835, at *2 (Tex. App.—Dallas Dec. 11, 2008, orig. proceeding) (mem. op.). And because a trial court's temporary orders are not appealable, mandamus is an appropriate means to challenge them. *See id*. at *3.

## Discussion

Mother argues that the trial court abused its discretion by rendering the temporary orders under section 156.006(b)(1) of the family code because Father did not present evidence of a significant impairment of the children's physical health or emotional development. We agree.

In his petition for modification, Father generally alleged a material and substantial change in circumstances. He did not attach affidavits to support the allegations.

At the hearing on temporary orders, Father testified as follows about his concerns for the children:

> First of all, starting with the CPS reports coming in. The kids coming to daycare dirty, bugs in the hair I think was the first one. And then involving an injury at her house. That's really when it became evident I needed to get them out. . . .

Father testified that he had not personally observed the children being dirty or having bugs, but he said when he picked the children up their clothes did not fit and they were "kind of disheveled . . ., snotty nose, things like that." Father called Mother as a witness and asked her about the incidents involving CPS. She testified that CPS was involved with the children three times; twice for bug bites and once when "[t]hey climbed up on top of a dresser and pulled it down on top of them with a TV." Mother explained that the children were bitten by chiggers when they visited their grandmother in the country; Mother treated their bites. And after the television incident, she removed the television from the children's room. Father did not present evidence that CPS took any action, or that the children required professional medical care, because of these incidents. This evidence does not show that the children's current circumstances significantly impaired their physical health or emotional development. *See id*.; *see also In re Rather*, No. 14-11-00924-CV, 2011 WL 6141677, at *2 (Tex. App.—Houston [14th Dist.] Dec. 8, 2011, orig. proceeding) (per curiam) (mem. op.) (evidence home messy and unsanitary, child lacked supervision and brought home in freezing temperatures without coat or sweater insufficient to show significant impairment of physical health or emotional development).

Regarding the children's home, Father testified that although Mother received the home in the divorce, the note was still in his name and Mother had not made a mortgage payment in thirteen months. He said he was concerned that the children "may have to be forcibly removed

–3–

from their home[.]" It was undisputed that Mother could not refinance the note without Father's willingness to continue to be liable on the note; without his agreement, foreclosure proceedings were imminent. But Mother presented evidence that she had made arrangements for a place for the children and her to live if they had to move. Father testified that the children went to school in the same town where he lives and works, not the town in which the children's home was located. There was no evidence the children would be uprooted from their current schools or separated from family and friends because of a possible move. *See In re Strickland*, 358 S.W.3d 818, 822 (Tex. App.—Fort Worth 2012, orig. proceeding) (evidence children would suffer separation from family, friends, and normal activities by moving out of state not evidence of significant impairment). In fact, there was no evidence the children even knew about a possible move.

We conclude that the trial court abused its discretion by rendering the temporary orders because there was no evidence the children's current circumstances significantly impaired their physical health or emotional development. We also conclude that Mother does not have an adequate appellate remedy. Temporary orders are not appealable. *In re Winters*, 2008 WL 5177835, at *3. Consequently, no appeal could be brought until the trial court renders a final judgment on the modification, which is an inadequate remedy. *Id*. Accordingly, we sustain Mother's sole issue.

**Disposition**

We conditionally grant the petition for writ of mandamus and order the trial court to vacate its August 24, 2015 temporary orders to the extent they require Mother to refinance the home located at 316 Broadway Street in Bells, Texas, by October 1, 2015, and state that "[s]hould this refinancing not occur prior to October 1, 2015, [Father] shall be named the joint managing conservator with the exclusive right to designate the primary residence of the

–4–

children." Mandamus will issue only if the trial court fails to comply with this opinion and order of this date. This Court's September 23, 2015 order staying the temporary orders to the extent they require Mother to refinance the home located at 316 Broadway Street in Bells, Texas, by October 1, 2015, and state that "[s]hould this refinancing not occur prior to October 1, 2015, [Father] shall be named the joint managing conservator with the exclusive right to designate the primary residence of the children" will remain in effect pending further order of this Court.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

151163F.P05