

# IN THE
# TENTH COURT OF APPEALS

### No. 10-20-00073-CV

## IN THE MATTER OF THE MARRIAGE
## OF BRYAN BLACKHEART AND DAWNIEL BLACKHEART

### From the 361st District Court
### Brazos County, Texas
### Trial Court No. 19-000670-CVD-361

## MEMORANDUM OPINION

In four issues, appellant, Bryan Blackheart, challenges the trial court's final decree in his divorce from appellee, Dawniel Blackheart. We affirm.

### I.     ANALYSIS

In his first issue, appellant contends that the trial court erred by denying his motion to transfer venue and motion for continuance so that he could retain an attorney and complete discovery. With regard to venue, appellant argues that the general venue statute, section 15.002 of the Texas Civil Practice and Remedies Code, applies, and as

such, this matter should have been transferred to Jefferson County, Texas, where appellant was incarcerated at the time. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002.

A defendant raises the question of proper venue by objecting to a plaintiff's venue choice through a motion to transfer venue. *See* TEX. R. CIV. P. 86. We review a trial court's denial of a motion to transfer venue de novo. *See Silverman v. Johnson*, 317 S.W.3d 846, 848 (Tex. App.—Austin 2010, no pet.) (citing *Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 260-62 (Tex. 1994); *Killeen v. Lighthouse Elec. Contractors, L.P.*, 248 S.W.3d 343, 347 (Tex. App.—San Antonio 2007, pet. denied)).

The Texas Family Code provides that a suit for divorce may not be maintained in this state unless at the time the suit is filed either the petitioner or the respondent has been (1) a domiciliary of this state for the preceding six months, and (2) a resident of the county in which the suit is filed for the preceding ninety days. TEX. FAM. CODE ANN. § 6.301. As a specific statute, section 6.301 of the Texas Family Code controls over the general venue statute, section 15.002 of the Texas Civil Practice and Remedies Code. *See In re Hurley*, 442 S.W.3d 432, 433 (Tex. App.—Dallas 2013, orig. proceeding) (stating that the venue provisions of the Texas Civil Practice and Remedies Code do not apply to cases governed by the Texas Family Code (citing *In re Nabors*, 276 S.W.3d 190, 194 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding))); *Lutes v. Lutes*, 538 S.W.2d 256, 257 (Tex. App.—Houston [14th Dist.] 1976, no writ); *see also In re Elliott*, No. 12-07-00217-CV, 2007 Tex. App. LEXIS 5603, at *3 (Tex. App.—Tyler July 18, 2007, orig. proceeding) (mem. op.).

Therefore, the general venue statute does not apply in divorce actions. *See In re Hurley*, 442 S.W.3d at 433; *Lutes*, 538 S.W.2d at 257; *see also In re Elliott*, 2007 Tex. App. LEXIS 5603, at *3. Accordingly, we conclude that appellant's venue complaint lacks merit.

Additionally, appellant complains about the trial court's ruling on his motion for continuance so he could retain an attorney and complete discovery.[1] However, appellant cites to no authority in support of his contention. Therefore, we conclude that this sub-issue has been inadequately briefed.[2] *See* TEX. R. APP. P. 38.1(i). We overrule appellant's first issue.

In his second issue, appellant complains that the trial court erroneously interfered with his attempts to retain counsel and made inappropriate comments and criticized him for not having counsel. Once again, appellant does not cite to any relevant authority to support his contention in this issue. Instead, appellant cites to boilerplate language

---

[1] Appellant's additional complaint about his motion for continuance is arguably multifarious. *See In re S.K.A.*, 236 S.W.3d 875, 894 (Tex. App.—Texarkana 2007, pet. denied) (observing that a multifarious issue or point of error is one that raises more than one specific ground of error). Courts may disregard any assignment of error that is multifarious. *Rich v. Olah*, 274 S.W.3d 878, 885 (Tex. App.—Dallas 2008, no pet.). However, a reviewing court may consider a multifarious issue if it can determine, with reasonable certainty, the error about which appellant wants to complain. *Id.* While we endeavor to do so here, appellant has not provided us with any legal authority to support his argument. Furthermore, we note that appellant was afforded more than 250 days to file his appellant's brief in this matter. Pursuant to Texas Rule of Appellate Procedure 38.6(a), appellant's brief was due within thirty days of the later of the date the Clerk's Record or Reporter's Record was filed. *See* TEX. R. APP. P. 38.6(a).

[2] We also note that the record reflects that appellant was granted one continuance, which resulted in the postponement of trial from September 12, 2019, to October 30, 2019. During that time, no additional discovery requests were made by appellant, and all responses to appellant's discovery were served on October 1, 2019. Furthermore, the record does not reflect that appellant asked for a hearing on the issue of requiring appellee to pay for his attorney's fees.

regarding the duties imposed on those who represent themselves and argues, without citing any authority, that an exception to the proposition that pro se litigants are held to the same standards as licensed attorneys should be made for federal inmates involved in state court litigation.

A party proceeding pro se must comply with all applicable procedural rules. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978). A pro se litigant is held to the same standard that applies to a licensed attorney. *Weaver v. E-Z Mart Stores*, 942 S.W.2d 167, 169 (Tex. App.—Texarkana 1997, no writ) (citing *Brown v. Tex. Emp. Comm'n*, 801 S.W.2d 5, 8 (Tex. App.—Houston [14th Dist.] 1990, writ denied)). No allowance is to be made for the fact that a party is not a lawyer. *Id.* (citing *Bailey v. Rogers & Keyser*, 631 S.W.2d 784, 786 (Tex. App.—Austin 1982, no writ)).

In the instant case, appellant did not file a motion to recuse the trial judge based on the alleged inappropriate comments. Furthermore, as stated above, appellant has not cited to any relevant authority in support of his requested relief in this issue. Accordingly, we conclude that this issue is inadequately briefed. *See* TEX. R. APP. P. 38.1(i). We overrule appellant's second issue.

In his third issue, appellant asserts that the trial court's division of the community property and debts was manifestly unfair. We disagree.

In a divorce proceeding, the Texas Family code requires the trial court to "order a division of the estate of the parties in a manner that the court deems just and right, having

due regard for the rights of each party and any children of the marriage." TEX. FAM. CODE ANN. § 7.001. We review a trial court's division of property under an abuse-of-discretion standard. *Bradshaw v. Bradshaw*, 555 S.W.3d 539, 543 (Tex. 2018). A trial court abuses its discretion when it acts arbitrarily or unreasonably or without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

Other than a vague, unsupported claim that "the trial court accepted all of Appellee's evidence and ignored or gave no credit to Appellant's evidence that Appellant had contributed approximately $30,000.00 to the pay [sic] toward community debts, even though the Appellee acknowledged receipt of numerous payments from Appellant directly or on Appellant's behalf," appellant has not shown that the trial court's division of the community estate was manifestly unjust. Appellee presented detailed evidence regarding her separate-property expenditures for the purchase and improvement of a house, payment of appellant's credit cards, and payment for appellant's criminal-defense attorney. Based on our review of the record, we cannot say that the trial court abused its discretion in dividing the community estate. *See Bradshaw*, 555 S.W.3d at 543. We therefore overrule appellant's third issue.

In his fourth issue, appellant contends that the trial court erred by denying every motion and objection he made at trial, at a hearing on his motion to compel, and for an accounting. In this issue, appellant once again references alleged improper comments

made by the trial judge and complains that no hearing was held on his motion for new trial.

As stated earlier, appellant did not file a motion to recuse the trial judge on the basis of the alleged improper comments. As such, this complaint has not been preserved for our review. *See* TEX. R. APP. P. 33.1; *see also Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001).

With regard to his complaint about a hearing on his motion for new trial, there is nothing in Texas Rule of Civil Procedure 320 that requires a trial court to conduct a hearing on the motion for new trial before granting or denying it. *See* TEX. R. CIV. P. 320; *see also Olsen v. Comm'n for Lawyer Discipline*, 347 S.W.3d 876, 887 (Tex. App.—Dallas 2011, pet. denied) (stating that, generally, the trial court is not required to hold a hearing on a motion for new trial, except when the motion presents a question of fact upon which evidence must be heard); *Landis v. Landis*, 307 S.W.3d 393, 394 (Tex. App.—San Antonio 2009, no pet.) (same). Furthermore, appellant's complaint about the trial court's purported failure to rule on his motion for new trial lacks merit because Texas Rule of Civil Procedure 329b(c) provides that if a motion for new trial "is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period." TEX. R. CIV. P. 329b(c).

And finally, regarding his other motions and objections, appellant makes no specific claim or argument that the trial court erred in resolving those matters. We therefore conclude that this general contention also lacks merit. We overrule appellant's fourth issue.

## II. CONCLUSION

Having overruled all of appellant's issues on appeal, we affirm the judgment of the trial court.

MATT JOHNSON
Justice

Before Chief Justice Gray,
    Justice Johnson,
    and Senior Justice Rex Davis[3]
Affirmed
Opinion delivered and filed July 7, 2021
[CV06]



---

[3] The Honorable Rex Davis, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.